WILLIAM S. WYSE, Appellant, *v.* MARIE S. WYSE et al., Respondents.

1. EVIDENCE — MENTAL CAPACITY — NON-EXPERT WITNESS. Lay witnesses cannot properly give an opinion as to the mental capacity of a grantor; but they may state the impressions which the acts and declarations of the party, to which they have testified, produced upon their minds at the time, and as to whether they were rational or irrational.

2. QUESTION IMPROPER IN FORM — NON-PREJUDICIAL ERROR. If a question put to a lay witness touching his impression of the mental condition of a party is improper in form, such technical error is not to be deemed to have been prejudicial where it is apparent, from the evidence of

the witness, that in replying he stated only his impression as derived from described acts of, and conversations had with, the party.

3. ACTION IN EQUITY, BY GRANTOR, TO SET ASIDE CONVEYANCE, ON GROUND OF MENTAL INCAPACITY — NON-EXPERT TESTIMONY. Where, in an action in equity, brought by the grantor to set aside a conveyance, upon the ground of his mental incapacity to dispose of his property, the appellate court is satisfied that, on all the facts and circumstances, the result reached by the trial judge ought not to have been different if the testimony of certain lay witnesses as to their impression of the plaintiff's mental condition, given in reply to questions technically improper in form, had been rejected, a new trial should not be granted on account of such questions.

4. EXPERT WITNESS — HYPOTHETICAL QUESTION. A judgment dismissing the complaint in an action in equity brought by the grantor to set aside a transfer, on the ground of his mental incapacity to dispose of his property, is not to be disturbed, on appeal, by reason of the exclusion of hypothetical questions addressed to medical experts on behalf of the plaintiff, where the questions called for an opinion, not as to mental disease, but as to mental capacity to execute the transfer in question, being the issuable fact in the case, and assumed facts not within the range of the evidence, and it appears that the exclusion of the evidence called for by the questions, if it was in anywise competent, could not have prejudiced the plaintiff.

*Wyse* v. *Wyse*, 13 Misc. Rep. 773, affirmed.

(Argued March 11, 1898 ; decided March 22, 1898.)

APPEAL from a judgment of the General Term of the late Superior Court of the city of New York, entered July 15, 1895, affirming a judgment in favor of defendants entered upon a decision of the court dismissing the complaint upon the merits on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Gilbert D. Lamb* for appellant. The allowance by the court of proof of sanity and general mental capacity by opinions of lay witnesses without a previous statement by them of specific language and acts of plaintiff was error, and the exceptions taken on this ground must lead to a reversal of the judgment. (*Holcomb* v. *Holcomb*, 95 N. Y. 316 ; *Yeandle* v. *Yeandle*, 13 N. Y. S. R. 586 ; *Paine* v. *Aldrich*, 133 N. Y. 544 ; *People* v. *Strait*, 148 N. Y. 566 ; *People* v. *Youngs*,

151 N. Y. 210; *People* v. *Koerner*, 154 N. Y. 355.) The exceptions in behalf of plaintiff, other than those to the allowance of general testimony by lay witnesses as to sanity, were well taken and must lead to a reversal of the judgment. (*Stevens* v. *Stevens*, 150 Mass. 557; *Harnett* v. *Garvey*, 66 N. Y. 641; *McClintock* v. *Curd*, 32 Mo. 417; *Holcomb* v. *Holcomb*, 95 N. Y. 316; *Webster* v. *Le Compte*, 74 Md. 249; *Dilleber* v. *H. L. Ins. Co.*, 87 N. Y. 79; *Jackson* v. *Water Co.*, 14 Cal. 25; *Carpentier* v. *Williamson*, 25 Cal. 167; *People* v. *Ybarra*, 17 Cal. 167; *Rice* v. *Heath*, 39 Cal. 609; *Cleary* v. *Railroad Co.*, 76 Cal. 240.)

*William C. Trull* for respondents. The questions of fact involved in the issues having been determined in favor of the defendant upon conflicting evidence, and that decision having been affirmed by the General Term, this court will not review any question of fact. (Code Civ. Pro. § 1337; L. 1894, ch. 688; *Vermilyea* v. *Palmer*, 52 N. Y. 471; *Van Tuyl* v. *W. F. I. Co.*, 55 N. Y. 657; *Quincey* v. *White*, 63 N. Y. 370; *Matter of Ross*, 87 N. Y. 514; *Hynes* v. *McDermott*, 91 N. Y. 451; *People ex rel.* v. *French*, 92 N. Y. 306; *Holcomb* v. *Campbell*, 118 N. Y. 46.) The objections made by the plaintiff to opinions and impressions of lay witnesses as to his mental condition are untenable. (*De Witt* v. *Barly*, 17 N. Y. 340; *Clapp* v. *Fullerton*, 34 N. Y. 190; *O'Brien* v. *People*, 36 N. Y. 282; *Rider* v. *Miller*, 86 N. Y. 507; *Matter of Ross*, 87 N. Y. 514; *Holcomb* v. *Holcomb*, 95 N. Y. 316; *People* v. *Augsbury*, 97 N. Y. 501; *Matter of Coleman*, 111 N. Y. 220; *Paine* v. *Aldrich*, 133 N. Y. 544; *People* v. *Packenham*, 115 N. Y. 200; *People* v. *Youngs*, 151 N. Y. 210.) It was not error for the court to overrule the hypothetical questions to Dr. Dana. (*People* v. *Augsbury*, 97 N. Y. 502; *Matter of Mason*, 60 Hun, 56; *People* v. *Strait*, 148 N. Y. 566.)

*Per Curiam.* · This action was brought on the equity side of the court for the purpose of setting aside a conveyance of real property, transfers of personal property and a release

47

made by the plaintiff to the defendant Marie S. Wyse, his wife, upon the ground of the plaintiff's unsoundness of mind, imbecility and incapacity to dispose of his property, and of the undue influence exerted upon him by said defendant.

The evidence upon the trial was ample, if not overwhelming, to support the decision of the judge at Special Term, to the effect that, upon the occasions of the transfers of property in question, the plaintiff was not a person of unsound mind, or insane, or imbecile, or otherwise incapable of exercising his own free will in the disposition which he made of his property; that upon none of such occasions did the defendant Marie S. Wyse exert any undue influence over him to induce him to make any of the said transfers of property; that she at no time agreed to hold any of the property so transferred to her for the benefit of the plaintiff, or for the joint benefit of the plaintiff and herself, and that the release in question executed by the plaintiff was of his own free will and without any undue influence.

We have carefully examined the evidence, in the light of the argument made for the appellant, and we think no other conclusion could have been well reached by the trial judge. Nor do we think that any case was made out, which would warrant the court in fastening a trust upon the legal title of the defendant Marie S. Wyse to the property in question. The principle is not applicable here upon which a court of equity proceeds, in order to convert the transferee of property into a trustee; inasmuch as the case is lacking in the essential elements for its application. The decision of the trial judge not only negatives the idea of any undue influence exerted, or advantage taken, by the defendant Marie S. Wyse; but the circumstances, as fully revealed by the evidence, all militate in favor of the transfers of the property having been voluntarily made and without any condition or promise attached.

Our attention is directed to certain rulings of the trial judge upon questions of evidence. Non-experts, or lay witnesses, were examined as to their impressions of the mental condition of the plaintiff. The witness Williams, who knew the

plaintiff and had been in the habit of meeting with him fre-
quently, was asked this question : " From your observation of
him and from conversations with him, what impression was
left on your mind as to his condition mentally ? "   The wit-
ness Hill, who was a lawyer, and who had represented the
plaintiff's wife in a previous action brought against her by the
plaintiff to set aside these transfers of property, and who had
had a conversation with the plaintiff, was asked this question :
" From what you saw of him, and in the interview which you
had with him, what impression was left on your mind as to his
soundness of mind ? "   The witness Woolverton, who knew
the plaintiff, and who had had occasion to see him at times in
the course of his acquaintance, was asked this question :
" What impression did Mr. Wyse's language and conduct make
upon your mind as to the condition of his mind ; was it
rational or irrational ? "   To these questions the plaintiff's
counsel objected ; but the objection was overruled and an
exception was taken.   In admitting the answers of the wit-
nesses to these questions, we think the court exceeded the lim-
its of the rules of evidence in such cases.   Lay witnesses can-
not properly give an opinion as to the mental capacity of a
grantor.   They may state the impressions which the acts and
declarations of the party, to which they have testified, pro-
duced upon their minds at the time, and as to whether they
were rational or irrational.   When the issue is as to the fact
of the mental capacity or soundness of a party, a non-expert
witness should not be allowed to express his opinion with
respect to it.   (*Holcomb* v. *Holcomb*, 95 N. Y. 321 ; *Paine*
v. *Aldrich*, 133 N. Y. 547 ; *People* v. *Strait*, 148 N. Y. 569 ;
*People* v. *Youngs*, 151 N. Y. 219 ; *People* v. *Koerner*, 154
N. Y. 355.)

But, while these questions were improper in form, and
there may have been a technical error in permitting them to
be answered, we think that the error was not prejudicial to
the plaintiff.   From an examination of the evidence of the
witnesses, it is apparent that they were stating only their
impression as derived from the acts and conversations had

with the plaintiff. (See *People* v. *Youngs, supra.*) The
trial was before a judge, who had before him an overwhelm-
ing amount of evidence in the facts and circumstances tend-
ing to show the character and mental capacity of the plaintiff.
Satisfied, as we are, that on all the facts and circumstances the
result ought not to have been different, if such testimony had
been rejected, we think, under the well-settled rule applicable
to equity cases, a new trial should not be granted. (*Apthorp*
v. *Comstock*, 2 Paige, 482; *Matter of N. Y. C. & H. R. R.
R. Co.*, 90 N. Y. 342.)

There were hypothetical questions addressed to two medical
experts called for the plaintiff, which were excluded upon the
objection of the defendants' counsel. These questions called
for an opinion as to whether, upon the assumption that the
plaintiff, at previous times, was in the same condition in which
the expert found him at the time of his examination, the
plaintiff on those occasions had mental capacity to understand
the quality and effect of his acts, or capacity to understand
the effect of his acts in executing such a transfer. They
called for an opinion, not as to mental disease, but as to men-
tal capacity to do the act in question, which was the issuable
fact in the case. In addition, the questions assumed facts not
within the range of the evidence. Furthermore, the exclusion
of the evidence called for by the questions, if it was in any-
wise competent, could not have prejudiced the plaintiff. This
is true, not only by reason of the observations we have pre-
viously made, but because each of these medical experts had
fully described the condition of the plaintiff, when he was
examined by them, and had given an opinion as to his mental
condition. The court was in full possession of the nature of
the examination and of the opinions formed by the witnesses.

We think that no further discussion is required upon the
questions in this case and that the judgment should be
affirmed, with costs.

All concur, except PARKER, Ch. J., and O'BRIEN, J.,
dissenting.

Judgment affirmed.