R. A. SCHOENBERG & CO. v. CITY TRUST, SAFE DEPOSIT & SURETY
CO. et al.

(Supreme Court, Appellate Term.   December 11, 1906.)

EVIDENCE—OPINION EVIDENCE—INSANITY.

> While nonexpert witnesses may testify to acts and declarations of a
> person, and then characterize them as rational or irrational, they may not
> testify whether the person was of sound or unsound mind, or possessed or
> lacked mental capacity.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law,.
> § 1045.]

Appeal from City Court of New York, Special Term.

Action by R. A. Schoenberg & Co. against the City Trust, Safe De-
posit & Surety Company and another.   From an order denying the
motion of defendant J. Stevens Ulman to vacate a judgment in favor
of plaintiff, and from an order denying said defendant's motion to
compel plaintiff to accept a notice of appeal from the judgment, he appeals.   Orders reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Philip Tillinghast (B. Benjamin Schiff, of counsel), for appellant..
Leventritt & Brennan, for respondent.

DAVIS, J.   This is an appeal by the defendant Ulman from two
orders of the City Court.   One of these orders denied the motion of de-
fendant Ulman to vacate the judgment herein.   The other order ap-
pealed from denied defendant's motion to compel the plaintiff to ac-
cept a notice of appeal from the judgment.   The appeals were heard
together.

The action was brought to foreclose a mechanic's lien against the
property of defendant Ulman.   The lien was bonded; the other de-
fendant being surety on the bond.   On motion of the defendant Ul-
man the action was referred to George M. Boynton, Esq., to hear and
determine.   The case was finally submitted to the referee on September
29, 1905.   On November 28, 1905, the referee rendered an opinion in-
dicating that his decision would be in favor of the plaintiff.   This opin-
ion was filed in the clerk's office on December 7, 1905.   On December
15, 1905, the referee signed his decision, containing findings of fact
and conclusions of law, and this decision was filed on the 18th of De-
cember, 1905.   Judgment was entered on the 19th of December, 1905.

The motion to vacate the judgment was made on the ground that
the referee was a lunatic at the time he made his decision, and on the
further ground that at the time of the entry thereof a judgment could
not be entered against the other defendant, and that therefore, as the
judgment is joint, it is void as to both defendants.   It appears from
the record that the referee was duly adjudged a lunatic on the very
day he signed his decision, December 15, 1905, by a proceeding in the
Supreme Court.   The order adjudging him insane was made by Mr.
Justice Stover upon the petition of the incompetent's wife and the cer-
tificates of two duly qualified medical examiners in lunacy.   The pro-
ceedings in lunacy were used by the defendant Ulman upon the motion

to vacate the judgment. In opposition to the motion, the plaintiffs, to overcome the effect of the proceedings in lunacy and to establish the sanity of the referee on December 15, 1905, read various affidavits of persons not experts. In his decision of the motion the learned justice considered the evidence upon which Justice Stover adjudged the referee to be insane and the affidavits read in opposition by the plaintiff, and reached the conclusion that the presumption of mental incapacity of the referee arising from the inquisition made by Justice Stover was entirely overcome. The second ground taken by the defendant was also held to be untenable, and his motion to vacate the judgment was denied. If the referee was insane on the day he signed his decision, December 15, 1905, the motion to vacate the judgment should have been granted.

The plaintiff claims that the inquisition in lunacy, being only presumptive proof of the insanity of the referee on December 15, 1905, was overcome by the affidavits read in opposition to the motion to vacate the judgment. An examination of these affidavits leads us to the conclusion that it was error to receive them as evidence. They were made by nonexperts, and each affiant, after detailing his experience with Boynton, in some cases long after the date of the inquisition, in effect states that in his opinion Mr. Boynton is of sound mind, or that he had a clear legal mind. One affiant states that he had a long conversation with Boynton prior to and on December 15, 1905, and that in his opinion at no time for the past 20 years, and up to and including the 15th day of December, 1905, has Boynton been insane or mentally incompetent. Under the rule laid down in many cases in the Court of Appeals of this state, these affidavits were not competent as evidence of the mental condition of Boynton. It is well settled that lay witnesses may not testify to mental capacity. They may testify to acts and declarations of a person, and then characterize them as rational or irrational; but they will not be allowed to testify that the person was of sound or unsound mind, or possessed or lacked mental capacity. Wyse v. Wyse, 155 N. Y. 367, 49 N. E. 942. For the foregoing reasons we think the order denying the motion to vacate the judgment herein should be reversed, and, as the evidence of the insanity of the referee on December 15, 1905, is thus shown, the defendant ought to prevail on a motion to vacate this judgment.

Having reached this conclusion, it is unnecessary to consider the other ground urged by the appellant as to the dissolution of the defendant corporation at the time of entry of judgment.

The second order appealed from denied defendant's motion to compel the plaintiff to accept notice of appeal from the judgment. It is claimed by the respondent that a true copy of the judgment was served upon this defendant, and his time to appeal was thereby limited. Appellant claims that he has never been served with a copy of the judgment, that the paper served upon him was incomplete, and not a copy of the judgment, and that his notice of appeal was served in time. The paper claimed to have been served is now before this court. Although it bears the certification of the clerk, it is really not a copy of the judgment. Material parts of the judgment are omitted. It is claimed by the respondent that it was a true copy when served, and that what

is now the last sheet was fraudulently inserted after service. This charge involves the forgery of the name and certificate of the clerk. The papers do not appear to have been unfastened. We are inclined to believe that there was a mistake in copying, rather than the deliberate commission of a felony for the purpose of saving a right to appeal. This order, also, should be reversed.

Both orders reversed, with costs and disbursements. All concur.