ROSA MARTORELLA, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Fourth Department, June 7, 1933.

*Woodward W. Guile*, for the appellant.

*Leo O. Coupe*, for the respondent.

SEARS, P. J.  The plaintiff, respondent, as the beneficiary named in an insurance policy, has recovered a judgment, not only for the amount of the face of the policy, which defendant, appellant, by the terms of the policy, agreed to pay to the beneficiary on the death of the insured, but also for an additional sum which, by the terms of the policy, the defendant undertook to pay only in case of the accidental death of the insured.  The defendant interposed a defense to the entire claim of the plaintiff to the effect that the insured committed suicide, as to which the policy provided that in such case the defendant's obligation should be limited to the amount of premiums paid.  The defendant also contended that the death of the insured was not accidental.  The insured died as a result of taking a bichloride of mercury solution, self-administered.  The defendant claimed that the poison was taken with suicidal intent; the plaintiff that it was taken by mistake.

The learned trial court was in error in refusing to charge the jury upon the defendant's request that the burden of proof to show that death was accidental was on the plaintiff in so far as the case related to the benefits for accidental death, and for this error, an exception having been taken, a reversal must be ordered.  (*Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45; *Federal Life Ins. Co.* v. *Wilkes*, 218 S. W. 591.)

The defendant was permitted to offer proof of an oral statement made by the insured after she had taken the poison to the effect that she took it because she did not care to live.  In rebuttal, other oral statements made by the insured were received on behalf of the plaintiff to the effect that the insured took the poison by mistake.  It is urged that the admission in evidence of these latter statements constitutes reversible error.  The correctness of the ruling of the learned trial court receiving the testimony as to this statement offered by the defendant, appellant, is not before us on this appeal.  Still, we must consider the basis of its reception as the theory on which it was received has a bearing upon the admissibility of the other statements offered by the plaintiff, respondent. The original statement was probably not competent as an admission, as the insured seems not to have been in privity (in a legal sense) with the plaintiff, the beneficiary.  (*Ward* v. *New York Life Ins. Co.*, 225 N. Y. 314; 2 Wigm. Ev. [2d ed.] § 1081; but see *Croker* v. *New York Trust Co.*, 245 N. Y. 17.)  As, however, the

insured had reserved the right, under the policy, to change the beneficiary, her statement implying the existence of a suicidal intent was clearly a declaration made by a person now deceased against her own pecuniary or proprietary interest, namely, her interest in the policy because of her power to change the beneficiary. This power was a beneficial power. She could have named her own estate as beneficiary or for a consideration could have named someone else. Her declaration, as proved by the defendant, was against this beneficial interest. (See *Kittredge* v. *Grannis*, 244 N. Y. 168; *Donnelly* v. *United States*, 228 U. S. 243.) Her conflicting statements that the poison was taken by mistake offered and received on behalf of the plaintiff were competent as impeaching the proof of the statement as to the insured's suicidal intent. (2 Wigm. Ev. [2d ed.] §§ 1033, 1133.) The impeachment of dying declarations by inconsistent statements of the declarant (*Carver* v. *United States*, 164 U. S. 694) offers an analogy.

The judgment and order should be reversed on the law, and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.