THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLIFFORD J. KOHLMEYER, Appellant.

Argued December 4, 1940; decided December 31, 1940.

*F. Trowbridge vom Baur, Leonard H. Cohen* and *David W. Louisell* for appellant.

*Thomas E. Dewey, District Attorney* (*Manuel Lee Robbins* and *Stanley H. Fuld* of counsel), for respondent.

Sears, J.  The record shows without dispute that the defendant, Clifford J. Kohlmeyer, committed acts which constitute the crime of which he stands convicted, robbery in the first degree.  His defense is that at the time of his acts he was suffering from such a defect of reason as not to know their nature and quality or that they were wrong.

As probative of the defense of incompetency, defendant offered in evidence, under Civil Practice Act, section 374-a (applicable by Code of Criminal Procedure, section 392), copies of hospital records in Wisconsin relating to the insanity of his paternal grandmother.  Before the trial the District Attorney had waived all questions of the informality and lack of authentication of the records.  When they were offered on the trial the District Attorney interposed the general objection that the documents were immaterial, irrelevant and incompetent.  The exclusion of this evidence is sought to be justified on the following grounds: *First*, there was no proof of the transmissible nature of insanity; and, *second*, it contained hearsay statements.  As to the first objection we note that there is testimony in the record that insanity of a manic depressive type in an ancestor may predispose a descendant to insanity of the type of dementia praecox.  There is evidence that the defendant was suffering from insanity of the type of dementia praecox.  The hospital records tend to show that defendant's ancestor suffered from insanity of the manic depressive type.  In *Walsh* v. *People* (88 N. Y. 458, 467) we had under consideration the question of the competency of evidence showing insanity in an ancestor as bearing on the existence of insanity in a descendant, and in the course of the opinion we said: " It was competent for the prisoner, to prove in aid and corroboration of other proof, or of circumstances, creating a presumption or

tending to justify an inference of insanity at the time of the commission of the act, that he inherited a disease which predisposed him to insanity. The insanity of parents, or relatives, is also admissible upon the issue of insanity." Thus, not only was the evidence competent, but whatever defect existed in evidential foundation when the records were first offered was subsequently cured. A general objection will not avail upon an appeal where the defect was remedied upon the trial. As to the second ground, hearsay, the record shows that the defendant offered the hospital records excluding therefrom the hearsay statements, particularly in respect to the history of the patient. The records in addition to daily observations of the patient's mental and physical condition, also included diagnoses of manic depressive insanity. Despite some decisions in the Appellate Divisions (*Stone* v. *Goodman*, 241 App. Div. 290; *Matter of O'Grady*, 254 App. Div. 691), we conclude that the diagnoses contained in the hospital records were admissible, no question as to privilege being presented. The diagnoses were " records of an act, transaction, occurrence or event made in the course of the doctor's profession " or the scientific deductions therefrom. (Cf. *Goodkin* v. *Brooklyn & Queens Transit Corp.*, 241 App. Div. 737; affd., 265 N. Y. 638.) It is always competent for physicians to state their scientific opinions as to the nature of illnesses, their causes and probable results, founded upon the facts disclosed in the evidence. A physician who has examined a patient first states the objective facts of the examination and then his scientific appraisal. Without his opinion, his testimony often has little value. Where insanity is an issue, it is elementary law in this State that the physician states his direct opinion as to the sanity or irrationality of the person whose mental condition is under investigation; while a lay witness may only state that disclosed acts of the person were or were not, in the opinion of the witness, rational or irrational. (*Wyse* v. *Wyse*, 155 N. Y. 367; *People* v. *Nino*, 149 N. Y. 317, 326.) We fail to see why the recorded conclusions of the hospital physicians on scientific matters

should be deemed objectionable on any ground when they would not be objectionable were the physician whose diagnosis is contained in the record called personally to the witness stand. Hospital records concededly are included within the records to which section 374-a of the Civil Practice Act is applicable. We find no difference in a recorded diagnosis of a physical condition and of a mental condition. It was error, therefore, to exclude from evidence the parts of the hospital records which were not hearsay. Having regard for the serious conflict as to the mental condition of the defendant at the time of the commission of the acts on which the prosecution is based, we conclude that the error was so material as to require a reversal of the judgment appealed from.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., FINCH and RIPPEY, JJ., concur; LOUGHRAN, LEWIS and CONWAY, JJ., dissent.

Judgments reversed, etc.