CLARA CERNIGLIA et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Kings County, May 10, 1944.

*Louis H. Levine* for plaintiffs.

*Ignatius M. Wilkinson, Corporation Counsel (J. M. Murphy* of counsel), for defendant.

SWEZEY, J. This is a motion by the plaintiffs to set aside a verdict of the jury in favor of the defendant and for a new trial on the ground that the court had committed error in the reception of a hospital record and, more specifically, in the reading of a portion thereof deemed prejudicial to plaintiffs' cause, in the absence of appropriate authentication or adequate foundation.

That portion of the record that was objected to is as follows: " Plaintiff states that she fell down as she was getting off a street car. She doesn't recall how she fell but thinks her heels slipped on the street."

Plaintiffs' counsel objected as follows: " I have no objection to the hospital records, with the exception of the history. That I object to on the ground it is hearsay and not binding on the plaintiff."

This necessitates a consideration of three recent cases in the Court of Appeals, the first of which is that of *People* v. *Kohlmeyer* (284 N. Y. 366). This case, among other things, had to do with the admission of hospital records in evidence. It was therein stated that " Hospital records concededly are included within the records to which section 374-a of the Civil Practice Act is applicable ", that the " diagnoses contained in the hospital records were admissible," and " that the diagnoses were ' records of an act, transaction, occurrence or event made in the course of the doctor's profession ' or the scientific deductions therefrom." It was error " to exclude from evidence the parts of the hospital records which were not hearsay."

The difficulty in applying this decision to the cases as they present themselves arises perhaps from a failure to clearly understand the full meaning and intent of this decision. At first blush it might seem that this decision justifies the admissibility into evidence of statements in a hospital record even though such statements are within the category of hearsay. Such, however, is not my understanding of the effect of this decision. In my opinion, the decision fully recognizes the continuing applicability of the rule against the admission of hearsay evidence.

To clearly understand this, we must understand that we are dealing with a business or profession to which the Court of Appeals has said section 374-a is applicable. As part of his work in arriving at his diagnosis, it is necessary for the doctor to examine his patient both physically and mentally. What the patient says often has a direct bearing upon the doctor's determination of the nature and extent of the injury. If the patient states that he fell and landed on the back of his head, that, undoubtedly, is of great importance to the doctor. If the patient states that he fell lightly or heavily on his head, that again will have great weight with the doctor in determining the nature and extent of the injury. True, it might be argued that this is no more or less than a conversation between the doctor and the patient and if the patient has said anything to his disadvantage, it can be used as an admission against interest, or, conversely, that if it was to his advantage, it should be excluded as a self-serving declaration. That this is not so is indicated by the section 374-a itself which, after providing for the admission of the record, also provides as follows: " All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility."

This is information which the doctor is seeking to enable him to better care for and help heal this patient.

The record of that information, therefore, becomes and is a record of an act, transaction, occurrence or event made in the course of the doctor's profession, and is, therefore, admissible in evidence.

The second case is that of *Meiselman* v. *Crown Heights Hospital* (285 N. Y. 389). This is but an application of the rule laid down in the *Kohlmeyer* case (*supra*).

Here, the hospital record has been offered in evidence and, on objection that it was irrelevant, incompetent and immaterial, it was excluded. No other objection was made. The Court of Appeals said: " As the case stood, the records should have been admitted in evidence and their exclusion was erroneous ".

Certainly, this does not mean that if any part of the record was hearsay, it was admissible in evidence. No such objection was made. The Court of Appeals, in support of its ruling, cited the *Kohlmeyer* case, and therein it is said that " It was error, therefore, to exclude from evidence the parts of the hospital records which were not hearsay."

The third case is that of *Roberto* v. *Nielson* (288 N. Y. 581). This case was an affirmance, without opinion, of the decision of the Appellate Division (262 App. Div. 1035). Here again is an application of the rule laid down in the *Kohlmeyer* case. On the trial the defendant offered in evidence certain portions of the hospital records, which the Trial Justice excluded. Under schedule " B " he offered that part of the hospital record which read as follows: " C. C. Auto accident. The patient is too limited in vocabulary, and too groggy from drink and paraldehyde to give a very good story, *but evidently after a day of beer and wine drinking, he was somehow involved in an auto accident.* The actuality of coma was not elicited, but the patient was brought in by police."

The Appellate Division held that the exclusion of the portion other than the underlined words was error. The Trial Justice also excluded a portion of another hospital record which was as follows: " Pt. [patient] is very incoöperative. Adequate determination of mental state is impossible (states that he has been drunk and says that he has had an injection in arm)."

The Appellate Division held that the Trial Justice erred in refusing to admit that portion of the record in evidence.

It is to be noted that no portion of the record which is admitted is hearsay. The first portion has to do with the observations of

the one making the entries, his deductions therefrom and what happened. The second portion contains further observations and is a record of what the patient said. It is well to note that that part of the record which is neither a diagnosis nor the record of a transaction, occurrence or event, but rather two conclusions which are neither definite nor certain and therefore unfounded, is excluded.

Accordingly, that part of the record here sought to be excluded, which cannot be substantially differentiated from the heretofore discussed statements in the *Roberto* case, cannot be characterized as hearsay, but is a record of a " transaction, occurrence or event," made in the regular course of business and is therefore admissible in evidence.

The motions are, therefore, denied.