In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee under the Will of WILLIAM H. LOOMIS, Deceased, Respondent. GLADYS SCUDDER et al., Appellants; THE LOOMIS INSTITUTE, Respondent.— Decree of the Surrogate's Court, Kings County, which in part adjudges that the remainder of the trust created by subdivision 4 of paragraph "Third", of the last will and testament of William H. Loomis, deceased, passes upon the death of Mary Beardsley Wheeler, under the terms of paragraph "Fifth" of said will, to respondent, The Loomis Institute, insofar as appealed from, unanimously affirmed, with one bill of costs to respondents, payable out of the fund. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ.

In the Matter of the Probate of the Will of RHINA MONROE, Deceased. SALATHA McFALL, Appellant; GEORGE N. DAVIS, as Executor Named in the Will of RHINA MONROE, Deceased, Respondent.— Decree of the Surrogate's Court, Queens County, admitting to probate an instrument purporting to be the last will and testament of Rhina Monroe, deceased, unanimously affirmed, with costs to respondent, payable out of the estate. The questions of fact involved were decided by the jury, and there is ample evidence to support the jury's verdict. It is our opinion that error was committed by the learned Surrogate in his ruling with respect to the admissibility of the certificate of death. The portion of the record showing the cause of death was admissible (*Duffy* v. *42nd Street Manhattanville & St. Nicholas Ave. Ry. Co.*, 266 App. Div. 865), no question of privilege being presented (*People* v. *Kohlmeyer*, 284 N. Y. 366). Respondent's present claim of privilege may not be sustained, since the privilege was waived by the offer of the certificate by one of the next of kin of the deceased patient. (Civ. Prac. Act, § 354.) We assume that the question is properly before us, even though it is not clear from the record that appellant's position thereon was made known to the trial court. We are nevertheless of the opinion that none of appellant's substantial rights was thereby affected. The record, at best, showed senility as a contributing cause of death, thirteen days after the execution of the will. Standing alone, without explanatory testimony, this evidence, in our opinion, was insufficient to overcome or to affect seriously the abundant evidence in the record as to the testatrix' mental capacity at the time of the execution of the will. Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.