Per Curiam.

One of the contestants appeals from a decree admitting testator’s will of March 8, 1944, to probate, after a trial before the surrogate and a jury. Although the objections were improper execution of the will, fraud and undue influence, and lack of testamentary capacity, the only objection as to which contestants’ proof approached raising an issue was the last one. Testator was a patient in the Sisters’ Hospital in Buffalo from February 20, 1944, until his death on the following March 14th. Contestants called three physicians, who, as expert witnesses, testified that he was irrational for two weeks prior to his death, which was caused by a malignancy of the colon, from which he had suffered from at least some time prior to September 29, 1942, when he underwent an operation which necessitated the resection of the rectal colon and the making of a colostomy. Contestants offered in evidence testator’s entire hospital record from February 20th until his death, which was received, with the exception of five entries in the nurses’ notes:
3/6 — “ Appeared somewhat irrational at times, slept most of afternoon — M. Strong ”
3:30 p.m. to 11:30 p.m. “ Confused, does not speak rational — J. Scheiferle ”
3/7 — “Fairly rational today — M. Britt”
3/8 — “ Irrational at times, condition poor ”
3/10 — “ Irrational at times ”
These entries were excluded as expressions of opinions of lay witnesses. Thereafter, contestants evidently endeavored to qualify the nurses as experts by showing their education, training and experience. This testimony was rejected by the surrogate, who adhered to his view that the usual New York rule as to testimony'of lay witnesses, to show irrationality, applied to nurses.
*616 There is much logic in appellant’s argument that these entries were admissible (Civ. Prac. Act, § 374-a) because the duty of hospital nurses requires them to record in their notes such entries as herein made, as to their patient’s mental condition, which are accepted by the attending physician in a matter of life and death, so that it would appear that trained hospital nurses fall outside the category of lay persons (cf. People v. Kohlmeyer, 284 N. Y. 366, 369-370; Matter of Morrison, 270 App. Div. 552, affd. 296 N. Y. 652). In the Morrison case the admissibility of similar nurses’ entries was, early in the trial, directly presented, but evidently it was taken out by its subsequent course, for on neither appeal was the question argued. Although it would seem that, even though the entries were not admissible solely by virtue of section 374-a, the testimony proffered for the purpose of showing that, by education, training and experience, the nurses qualified as experts (People v. Rice, 159 N. Y. 400, 410; Meiselman v. Crown Heights Hospital, 285 N. Y. 389, 397-398; Lund v. Masonic Life Association, 81 Hun 287) should have been received, we find it unnecessary to determine whether the court’s rulings on these questions were erroneous because, on this record, even if they were, we conclude that the error, if it be such, was not so prejudicial as to require a reversal of this decree.
Decedent’s sister, the proponent, is the sole surviving member of testator’s immediate family. Contestants are a number of nephews and nieces. Testator was sixty-eight years of age and, seemingly, his sister is well advanced in years. Neither testator, nor his sister ever married. Although there is no direct testimony as to the amount of the estate, inferentially, at least, it appears that it is a small one. The instrument in question was the last of four wills made within a period of three and one-half years. It follows quite closely the pattern of the first two, and to a considerable degree, that of the third. In every will Boyle showed, plainly, a desire to insure his sister against want in her last years, as far as his limited estate would suffice. It is a perfectly natural will. It was drawn by a lawyer, who came to the hospital at testator’s request, on March 8th. The draftsman and a hospital nurse’s aide were the witnesses. Their testimony is clear and convincing that, at the time the will was drawn and executed, Boyle was rational, knew what he was doing, and that the will expressed his intention. The attending physician, an experienced doctor, saw his patient at least once every day from the time of his admission to the hospital until *617 the day of his death. He testified that, until the day of death, Boyle was rational and competent in every respect. Three other witnesses, whose only possible interest is that they are friendly to the sister, and who visited testator during his stay in the hospital, one of them visiting with him on the night before the will was drawn, all found Boyle clear and rational at all times.
Against this positive testimony contestants offered nothing except the opinions of three physicians. Two of them never saw testator, and the other, the surgeon who performed the operation, had not seen him since November, 1943. He testified that decedent was perfectly rational when he last saw him, but answering a hypothetical question, as did the other two, expressed the opinion that he was irrational during the period on March 8th when the will was executed. Even had this testimony been buttressed by the excluded nurses’ entries, which, at the very best, merely showed, not that testator was irrational at all times, but only for periods on four different days (Surrogate Ransom’s opinion In re Buckley’s Will, 2 N. Y. S. 24, 29), still it would not have counterbalanced proponent’s positive proof of rationality at the time the will was prepared and executed.
Therefore, even if the conclusion should be reached that the nurses’ entries were erroneously excluded, or that it was error not to have received testimony which might have qualified them as experts, still the error was not so substantial as to require a reversal of this decree admitting to probate a perfectly normal, natural will, which merely carried out the same persistent scheme evidenced by three prior wills, made by this testator at times when it is not claimed but that he was competent to make them. Testator’s small estate, intended for his only sister, ought not to be frittered away by further litigation.
The decree admitting the will to probate and order denying motion for a new trial should be affirmed, without costs.
All concur. Present — Taylor, P. J., Dowling, McCubn, Larkin and Love, JJ.
Decree and order affirmed, without costs of this appeal to any party. [See post, p. 1053.]