Judgment and order dismissing the complaint reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Orders denying plaintiff’s motion for summary judgment and motion to vacate subpoenas duces tecum affirmed, without costs. Memorandum: On this record we think that the question whether the insured made material false statements in his application dated June 28, 1943, for reinstatement of the policy, was one of fact for the jury. While proof of declarations made by the insured in December, 1943, to the witness De Ambrose, to the effect that insured had been treated by a physician for a serious ailment and had become a drug addict after the issuance of the policy, was properly received as against the plaintiff beneficiary (see Martorella v. Prudential Insurance Co., 238 App. Div. 532), such proof was not conclusive. (See Gangi v. Fradus, 227 N. Y. 452, 457.) The lips of the insured having been sealed by death, the plaintiff should have been permitted to cross-examine the witness De Ambrose as to all matters concerning the making of the alleged declarations. Denial of this right was error. All concur, except Love, J., who dissents as to the reversal of the judgment and votes for affirmance of the judgment and all orders. (The judgment dismisses the complaint, after setting aside the verdict of the jury in favor of plaintiff, in an action under a life insurance *1059 policy. One order denies plaintiff’s motion for summary judgment; one order denies plaintiff’s motion to vacate subpoenas duces tecum.) Present — Taylor, P. J., Dowling, Harris, Larkin and Lov'e, JJ.