Callahan, J.
Plaintiff sued to recover damages for personal injuries alleged to have been sustained due to negligence of the defendants. At the time of the accident plaintiff was a member of the New York City Police Department, and was sitting in a police car which was stopped at a traffic intersection. The car was struck by a truck owned by defendant Keegan and operated by defendant Stiffler. There was evidence that the brakes of the truck had failed to work. A third defendant, Auto Car Sales Company, was held liable on the ground that it had negligently repaired the brakes of the truck.
After the accident plaintiff was retired from the police department for physical disability. One of the contested issues in this case was whether the present disabilities of plaintiff were produced by the accident or were due to prior infirmity or disease.
The trial court received in evidence over defendants’ objections three documents offered by plaintiff and taken from the files of the police department relating to his retirement as a policeman. The first of these documents was a recommendation made by a superior officer to the medical board of the police pension fund for physical examination of plaintiff for retirement. It recited the existence of certain enumerated physical *472 infirmities and contained the opinion of the certifying officer that 1 ‘ said disability was incurred in the actual performance of duty, and by reason of the performance of such duty, but was incurred without his own fault or misconduct.” The second document was a certificate of disability of a medical board consisting of three police surgeons. The third was an order of retirement executed by the police commissioner as chairman of the board of trustees of the police pension fund. The last two documents also contained recitals practically identical with those above quoted. These documents were received under section 374-a of the Civil Practice Act.
We are of the opinion that the receipt of this evidence constituted prejudicial error (see Welz v. Commercial Travelers Mut. Accident Assn. of America, 266 App. Div. 668). Assuming that the documents were entries made in the regular course of business of the police department and that it was the business of that department to make entries as to the causes for retirement of its members, the only matters in the documents that would be properly received under section 374-a would be the statements of the diagnosis (People v. Kohlmeyer, 284 N. Y. 366), and the fact of the plaintiff’s retirement. The recitals that the injuries were incurred in the performance of duty and without any fault or misconduct on the part of the police officer were entirely hearsay and conclusory on the part of those executing the documents. They are also objectionable as involving an opinion on a subject within the province of the jury to determine in this case.
The signatories to the documents, if called as witnesses, could not have testified to their conclusions regarding the fault or lack of fault of plaintiff, nor could the lay witnesses give any opinion as to the medical questions involved. While the police surgeons, if called as witnesses, might have rendered an opinion as to whether the accident was a competent producing cause of the existing disabilities, they could only have done so on hypothetical questions reciting the facts on which their opinions rested. Here we have no proof of the facts made the basis of any opinion.
As the issue of plaintiff’s contributory negligence was not submitted to the jury, the parties apparently conceding that no such negligence was involved, it might have been harmless error to receive the statements as to the plaintiff’s lack of fault. But the issue of whether the accident was the producing cause of plaintiff’s present infirmities was sharply contested. The hearsay recitals that such disabilities were incurred in the actual *473 performance of duty could only mean that they were incurred in this accident. This made the receipt of the documents prejudicial.
Plaintiff seeks to justify the receipt of the disputed documents as certificates made and filed by a public officer and thus competent under section 367 of the Civil Practice Act. Assuming, without deciding, that these documents could be deemed public records within section 367 (see 1ST. T. City Administrative Code, § B18-4.0), the Civil Practice Act provisions only apply to certificates or affidavits of public officers touching on an act performed by them or. a fact to be ascertained by them. The hearsay and conclusory statements of the documents in question relate to matters not to be found by the police department but the jury in this case.
As the determination of the cross claims rested on the findings of the jury as to the negligence of the respective defendants, a dismissal of the same must also be reversed and the cross claims reinstated.
In view of the necessity for a new trial, it might be well to point out that there is little, if any, explanation in the record as to why the air brakes might not automatically apply themselves upon escaping of air in a leaking tubing.
The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Peck, P. J., Glekkok, Dore and Yak Yoorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.