■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BATTAGLIA, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUTHER BENNETT, Appellant. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR COSTELLO, Appellant. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE TURNER, Appellant.— [In each action] Case added to November 1960 Term Calendar.

## (December 8, 1960)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE B. JONES, Appellant.— Judgment of conviction unanimously affirmed. Memorandum: It appeared upon the trial that a physician who had attended the complainant shortly after the alleged assault was no longer residing in this State. The People offered in evidence, pursuant to section 374-a of the Civil Practice Act, a written statement made by the physician and filed in the hospital where complainant was examined. The defense consented " to the admission of the hospital record as a record kept in the ordinary course of business " but objected to any medical history, diagnosis or prognosis as being hearsay and opinion evidence and not subject to cross-examination. Thereupon the trial court struck from the exhibit the history given to the doctor by the complainant and the "recommendations" of the physician and received the remainder of the document. In view of the concession of the defendant, we find it unnecessary to pass upon the present contention of appellant that the exhibit as revised was inadmissible. (See, however, *Johnson* v. *Lutz*, 253 N. Y. 124; *People* v. *Kohlmeyer*, 284 N. Y. 366; *Matter of Coddington*, 307 N. Y. 181; *Kelly* v. *Wasserman*, 5 N Y 2d 425.) (Appeal from judgment of Erie County Court convicting defendant of the crimes of sodomy, first degree, and rape, first degree.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.