THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FREDERICK W. CONDE, Appellant.

Third Department, May 16, 1962.

*Conrad H. Lang, Jr.,* for appellant.

*John T. Casey, District Attorney,* for respondent.

*Per Curiam.* The manslaughter conviction appealed from rests upon proof that defendant struck with his fist a woman

with whom he was on some terms of friendship or intimacy, the blow causing a rupture of the spleen and laceration of the liver, resulting in death some four days later, following surgery.

A niece of decedent testified that defendant summoned her by telephone to decedent's home, stating that he had "bopped" her. The niece and her sister found decedent holding her side, moaning and in apparent pain. Defendant entered the house shortly and twice stated that he had struck decedent in the course of an argument. The testimony of the nieces and defendant's signed statement to the same effect, given to the police, were received without objection.

A defendant's confession is not sufficient to warrant conviction, without " additional proof that the crime charged has been committed " (Code Crim. Pro., § 395); but we find in this case, contrary to appellant's contention, adequate " additional " evidence of the crime. There was uncontradicted medical testimony that decedent's fatal injuries could have resulted from a blow of the fist and, further, could only have been caused by external trauma; and the occurrence of such trauma was indicated by the fracture of one of the ribs overlying the spleen. That the trauma was of human agency may be inferred from other facts or shown by circumstantial evidence; " and the confessions themselves may be used as a key or clue to the explanation of circumstances, which when so explained, establish the criminal act." (*People* v. *Cuozzo,* 292 N. Y. 85, 92.) It was held in a frequently cited case " that when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute. The words of the statute, ' additional proof that the crime charged has been committed,' seem to imply that the confession is to be treated as evidence of the *corpus delicti,* that is, not only of the subjective criminal act, but also the criminal agency of the defendant; in other words, as competent proof of the body of the crime, though insufficient without corroboration to warrant a conviction. ' Full proof,' said NELSON, Ch. J., in *People* v. *Badgley* (16 Wend. 53, 59), ' of the body of the crime, the *corpus delicti,* independently of the confession, is not required by any of the cases, and in many of them slight corroborating facts were held sufficient.' " (*People* v. *Jaehne,* 103 N. Y. 182, 199–200.) The jury might reasonably infer defendant's presence at the scene of the injury from the fact of the telephone call (without reference to any admission of guilt),

followed by the nieces' observation of their injured aunt, alone at her home, and defendant's almost immediate appearance there, all within a brief time after the nieces had parted from defendant and their aunt at a family picnic. There is some evidence as to a quarrel between defendant and decedent while they were at the picnic, or at least '' a little disagreement that she didn't want him to drink too much beer so that he would get drunk ''; and while this might be accounted insufficient to suggest motivation for homicide in a more serious degree (as in *Brasch, infra*), the jury could properly find it supportive of the contention that defendant struck decedent with his fist, in anger, under circumstances amounting to manslaughter in the second degree. The '' additional proof '' disclosed by this record seems to us sufficient under the decisional law. (See *People* v. *Conroy,* 287 N. Y. 201; *People* v. *Brasch,* 193 N. Y. 46; *People* v. *Jaehne,* 103 N. Y. 182, 199–200, *supra*; *People* v. *Badgley,* 16 Wend. 53, 59; all cited and approved in *People* v. *Cuozzo,* 292 N. Y. 85, *supra.*)

Appellant's further contention relates to the admissibility of a statement given by decedent to an Assistant District Attorney and offered by the People in rebuttal of a portion of the history appearing in a hospital record. The question thus raised is novel in New York, at least in the context in which this case presents it. The history, said by the custodian of the hospital record to have been given by decedent, was that decedent's injuries occurred when she fell from a ladder. The hospital record, including the history, was offered by defendant, apparently in pursuance of section 374-a of the Civil Practice Act, and it seems clear from the testimony of the surgeon that the history of trauma aided his preoperative diagnosis. (See *Williams* v. *Alexander,* 309 N. Y. 283, 287; *Cerniglia* v. *City of New York,* 182 Misc. 441, 442; Medina, Current Developments in Pleading, Practice and Procedure in the New York Courts, 30 Cornell L. Q. 449, 454–458 [1945].) The exhibit was received over the People's objection and following the District Attorney's statement that, were it received he would be compelled to offer proof in rebuttal. The evidence then offered and received in refutation consisted of decedent's affidavit, in which she stated that defendant struck her with his fist '' so hard that he knocked me right out of the chair.'' The statement continued: '' I first told the people at the hospital that I fell off a ladder, because I did not want to hurt Bill Conde. Later I realized that the police would find out anyway, so now I am telling the whole story truthfully.''

When evidence is received under one of the exceptions to the hearsay rule, as the history recorded in the hospital record was in this case admitted under section 374-a, it is generally subject to impeachment "in the appropriate ways". (3 Wigmore, Evidence [3d ed.], §§ 884–888, pp. 376–378; and, cf., 3 Wigmore, *op. cit.*, §§ 1017, 1030 *et seq.*, pp. 684, 710 *et seq.*) As is stated in Richardson, Evidence ([8th ed.], § 375, p. 340): "The use of a prior inconsistent statement to impeach the declarant's credibility presents a special problem, for when the declarant is not a witness, it is not possible to comply with the requirement that a proper foundation for the inconsistent statement be first laid on the cross-examination of the witness sought to be impeached * * * [but] although the rule in New York cannot be regarded as settled, the rule seems to be that if there was never any opportunity to cross-examine the declarant, the inconsistent statement may be shown without a foundation" (citing, *inter alia, Carver* v. *United States,* 164 U. S. 694 [dying declaration]; *Martorella* v. *Prudential Ins. Co. of America,* 238 App. Div. 532 [declaration against interest]; *Matter of Strong,* 168 Misc. 716, affd. 256 App. Div. 971 [pedigree declaration]; and, contra, *Maine* v. *People,* 9 Hun 113 [dying declaration]). The text in the portion cited does not refer to the decision of this court in *People* v. *Ricken* (242 App. Div. 106) which affords additional recognition of the rule contended for. Until this decision, the *Maine* case (*supra*) was the only contrary authority in New York and, depending largely on *Wroe* v. *State of Ohio* (20 Ohio St. 460), as it did, was weakened by the Supreme Court's express rejection of *Wroe* in *Carver* v. *United States* (164 U. S. 694, *supra*). A law review article by the present editor of the Richardson work, although long antedating the present edition and characterizing as merely "probable" the rule which is presently stated with greater firmness, is helpful as a comprehensive treatment of the entire subject and as furnishing detailed analyses of the close, if not conflicting, cases comprising the decisional law. (Prince, Admissibility of Contradictory Statements to Impeach Unavailable Witness; New York Rule, 10 Brooklyn L. Rev. 133 [1940]; and, see, American Law Institute, Model Code of Evidence [1942], Rules 503, 531, and Comments.)

The case for permitting impeachment of dying declarations by proof of the declarant's contradictory statement is surely no stronger than that for allowing hearsay contradiction of the far less solemn recital of a history of injury, by a decedent equally unavailable for cross-examination. In view, therefore,

of the strong analogy furnished by dying declarations, it is worthy of note that the great weight of judicial authority in the United States renders such declarations susceptible of impeachment by proof of contradictory statements for which, of course, the conventional foundation has not been laid by cross-examination. (Ann. 16 A. L. R. 411, 417–422, Dying Declarations — Impeachment; and, cf., 5 Wigmore, Evidence [3d ed.], §§ 1446, 1557, pp. 246, 411.)

The disputed exhibit was, in our view, properly received. The trial court, when ruling it admissible, and again, when charging the jury, carefully and properly limited its effect, stating that " it was received only for the purpose of showing a contradictory statement made by the decedent ".

The judgment should be affirmed.

COON, J. P., GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed.