■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CANADY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered November 25, 1986, convicting him of murder in the second degree (six counts), attempted murder in the second degree (two counts), burglary in the first degree, and criminal possession of a weapon in the second degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of burglary in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted, after his third trial, of various crimes in which he participated on the night of February 14, 1985, including the execution-style murders of three individuals. During the first trial, when the defendant was tried jointly with his codefendants, Stephen Allen and Kevin Bailey, the trial court permitted the People to introduce the first two of three statements made by one of the murder victims, Vincent Cook, which implicated Allen and Bailey, but not the defendant. The court ruled that the two statements qualified as dying declarations. However, the court precluded the People from introducing Cook's third statement, which implicated the defendant, because it was made approximately nine hours after the shooting and after Cook had undergone surgery and had been told by a doctor that he was paralyzed and would be staying in the hospital for a long time. The court viewed this statement as a borderline case and ruled that the statement did not qualify as a dying declaration.

During the trial which resulted in the judgment from which the defendant appeals, the defendant sought to introduce the first two of Cook's statements, but not the third statement. However, the court ruled that if the defense introduced the first two statements, it would permit the People to introduce the third statement, which implicated the defendant, for

purposes of impeachment. On this appeal, the defendant contends that since the third statement did not qualify as a dying declaration, it constituted hearsay and, therefore, it was error for the trial court to rule that if the defense introduced the first two statements it would permit the People to introduce the third statement for impeachment purposes. He argues that the trial court's ruling deprived him of a fair trial inasmuch as a major issue in the case was one of identification.

We find that the trial court's ruling was proper. "When evidence is received under one of the exceptions to the hearsay rule * * * it is generally subject to impeachment 'in the appropriate ways' " *(People v Conde,* 16 AD2d 327, 331). In *Carver v United States* (164 US 694), the United States Supreme Court stated that it was error to preclude statements made by a deceased which were in apparent contradiction to the deceased's dying declaration. The Court stated: "Whether these statements were admissible as dying declarations or not is immaterial, since we think they were admissible as tending to impeach the declaration of the deceased, which had already been admitted. A dying declaration by no means imports absolute verity. The history of criminal trials is replete with instances where witnesses, even in the agonies of death, have through malice, misapprehension or weakness of mind, made declarations that were inconsistent with the actual facts; and it would be a great hardship to the defendant, who is deprived of the benefit of cross-examination, to hold that he could not explain them" *(Carver v United States,* 164 US 694, 697, *supra).*

The rule adopted in *Carver,* is the one favored by this State. Consequently, we find no error in the trial court's ruling *(see, People v Conde,* 16 AD2d 327, *supra; Martorella v Prudential Ins. Co.,* 238 App Div 532; *see also,* 2 Wigmore, Evidence § 1033 [2d ed]; Richardson, Evidence § 317 [Prince 10th ed]).

We also find that the defendant's guilt of the charges, other than the burglary charge, was proved beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant shared a "community of purpose" with his companions *(People v Allah,* 71 NY2d 830; *People Ramos,* 166 AD2d 468). The two victims who survived the attack identified the defendant as one of the shooters. One of these victims had known the defendant since the summer of 1984. According to her testimony, the defendant was the drug "runner", and delivered drugs to her

apartment almost daily. The other surviving victim had also met the defendant when the two were introduced to each other by Bailey, and the two had said hello to each other on several occasions prior to the day of the incident.

Moreover, both witnesses testified that the defendant had a gun at the time of the incident. The defendant was observed slapping and cursing one of the surviving victims, while holding a gun pointed to the floor where she was lying. There was also testimony that the assailants went through the pockets of the victims before the shooting started. One of the victims testified that after the shooting had ended the defendant and a codefendant announced that all the "motherfuckers are dead".

Nor is the verdict on these counts against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, due to the absence of proof that the defendant entered upon a premises unlawfully, we conclude that the defendant's conviction of burglary in the first degree must be vacated *(see, People v Bailey,* 146 AD2d 788).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.