FRANCES MEYERS et al., Respondents, v. BERNARD A. MEYERS, Appellant, Impleaded with Another.— During the examination of the plaintiff-wife certain testimony was elicited from which the jury might have drawn the inference that, assuming the car was owned by the appellant and operated by his brother with his consent, it was being operated at the time of the accident at the request of the plaintiff-wife and solely for her benefit. The appellant requested the court to charge the jury that if they found that the car was being operated at the request of the plaintiff-wife and solely for her benefit and on her behalf, she could not recover. The refusal of this request was error. The admission in the pleadings to the effect that the plaintiff-wife was a passenger in the automobile; that it was owned by the appellant and operated by his brother with his consent, was not an admission

that the car was under the control of the appellant or being operated upon his business. Before the plaintiff-wife may recover she must establish that she was not in control of the car and that the bailee who was operating it was not acting as her agent. (Restatement, Torts, § 485.) The exclusion of that portion of the hospital record containing the diagnosis of the plaintiff-wife's condition, obtained by an examination of the X-rays taken the day following the accident, was also erroneous. (*People* v. *Kohlmeyer,* 284 N. Y. 366; *Meiselman* v. *Crown Heights Hospital,* 285 N. Y. 389; *Roberto* v. *Nielson,* 262 App. Div. 1035; affd., 288 N. Y. 581.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.