█ SOL LENZNER CORPORATION, Appellant, v. ÆTNA CASUALTY & SURETY COMPANY, Defendant and Third-Party Plaintiff-Respondent. RUTH S. KORN, Third-Party Defendant-Respondent.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: In affirming, we are, of course, aware that this will be a nonjury trial. (Appeal from order of Erie Special Term granting third-party defendant's motion for joint trial of the actions.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

█ EDGAR SPOAR, Respondent, v. ROBERT F. FUDJACK, Appellant.— Judgment unanimously reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict to the sum of $4,500, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is affirmed, without costs of this appeal to either party. Memorandum: The verdict in favor of plaintiff in the sum of $8,000 was excessive. Furthermore, the court committed serious error when it refused to receive in evidence the notes of the nurses contained in the hospital records and made in the regular course of business. The primary purpose of CPLR 4518 is to permit the admission of a record made in the regular course of business, without having to call as a witness every person who had made the record. The hospital records show that plaintiff was admitted at 7:30 P.M. on November 10, 1960 and was discharged at 1:00 P.M. on November 12, 1960. The notes made by the nurses who observed the plaintiff during that period show among other things that plaintiff slept comfortably both nights, was up and about and that he made no complaints to them. In view of the court's ruling, the jury did not have the benefit of this evidence which was clearly admissible. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4518.12.) (Appeal from judgment of Herkimer Trial Term for plaintiff in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

█ In the Matter of SHERIDAN CONSTRUCTION CORPORATION. ALBERT E. BUYERS, JR., Appellant; MICHAEL C. WAGNER, Respondent.— Order unanimously reversed, without costs of this appeal to any party, and matter remitted to Erie Special Term for further proceedings in accordance with the memorandum. Memorandum: There were so many procedural irregularities that the order must be reversed. Notable among these irregularities is the fact that a simple notice of motion was served on June 30, returnable on July 1. We have no record of what transpired before the Presiding Justice, nor can we accept the explanations from the diverse claims in the affidavits of the respective parties. This matter must be remitted to Special Term where the application may be renewed on due and timely notice, with an opportunity to all parties to explore fully the matter of compensation for the services rendered by the attorneys, the total receipts and disbursements of the receiver, and the application of the appropriate rule concerning commissions. (Appeal by respondent, Albert E. Buyers, Jr., from an order of Erie Special Term granting petitioner's motion for payment of compensation and fees to the receiver and counsel fees.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.