OPINION OF THE COURT
B. Thomas Pantano, J.
Defendants move to vacate and set aside two notices of intention to introduce X rays into evidence which notices were served pursuant to CPLR 4532-a.
*218 Third-party defendants join in the motion by a cross motion.
Plaintiff, in turn, cross-moves for an order that the X rays here in issue be deemed admissible.
CPLR 4532-a as presently in form provides as follows:
"In an action in which a claim for personal injuries is asserted, an X-ray of any party thereto is admissible in evidence provided:
"(1) that there is photographically inscribed on such X-ray the names of the injured party, the date when taken, the identifying number thereof, and the name and address of the radiologist under whose supervision the same was taken;
"(2) that at least ten days before the date of trial of the action, the attorney for the party intending to offer such X-ray, serve upon the attorney or attorneys for the party or parties against whom said X-ray is to be offered, a notice of his intention to offer such X-ray in evidence during the trial and that the same is available for inspection at his office, provided that such X-ray has not been previously so examined; and
"(3) that the notice aforesaid is accompanied by an affidavit of such radiologist identifying the X-ray and attesting to the information inscribed thereon, and further attesting that, if called as a witness in the action, he would so testify.”
In issue are two sets of X-rays which plaintiff intends to offer into evidence, one set allegedly taken by or under the supervision of Dr. Zwanger, and the other X-ray allegedly taken by or under the supervision of Dr. Grappell. The notices are accompanied by affirmations of Dr. Zwanger and Dr. Grappell respectively.
An argument seems to be raised that the affirmations do not satisfy the statutory requirement that the radiologist must furnish an affidavit setting forth certain facts as required by the rule. Such contention has no merit. CPLR 2106 permits that a statement of a physician subscribed and affirmed by him to be true under the penalties of perjury may be served and filed in lieu of and with the same force and effect as an affidavit.
A radiologist is a physician (Public Health Law, § 3501, subd 5) and, accordingly, falls within the ambit of CPLR 2106.
However, for reasons hereinbelow set forth, the motion and cross motion of the defendants and third-party defendant must be granted, and the plaintiffs’ cross motion denied.
*219 Dr. Zwanger’s affirmation does not attest that the identifying number is inscribed photographically on the X-ray plate and, in fact, plaintiffs attorney admits in his papers in support of a cross motion that the identifying number in fact does not appear on the X ray.
With respect to Dr. Grappell’s affirmation, that affirmation does allege that Dr. Grappell’s address appears on the X ray as is required by the statute. However, the affirmation of plaintiffs counsel hereinabove referred to in connection with his cross motion establishes that Dr. Grappell’s address in fact does not appear on the X ray.
In view of the fact that this section is in derogation of common law and provides for a substitute manner for laying the foundation for the admissibility of X rays the court is of the opinion that the requirements of CPLR 4532-a must be literally complied with. Accordingly the motion and cross motion on behalf of the defendants and third-party defendants to vacate and set aside the notice of intention to introduce X rays into evidence are granted. The plaintiffs cross motion is denied.