■ ROSEANN GALUSKA et al., Appellants-Respondents, v NORMAN ARBAIZA et al., Respondents-Appellants, and MICHAEL DESIDERO, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of a judgment of the Supreme Court, Rockland County (Jiudice, J.), entered April 7, 1983, as, after a jury trial, fixed damages in the principal amount of $14,000, and defendants Arbaiza cross-appeal from so much of the same judgment as was in favor of plaintiffs on the issue of liability and determined that said defendants were 100% at fault.

Judgment reversed, on the law, without costs or disbursements, and new trial granted as to both liability and damages.

This action arises out of a three-car collision on Route 17 in Sloatsburg. Plaintiff Arlene Galuska (hereinafter plaintiff) testified that she had stopped her vehicle on Route 17 and while waiting to make a left-hand turn onto Harriman Avenue, was struck from behind. Although she did not see either of the defendants' vehicles prior to the accident, plaintiff did state that she felt two separate impacts.

Defendant Norman Arbaiza, who was operating the second vehicle, testified that his vehicle had stopped 8 to 10 feet behind plaintiffs' vehicle when it was struck from behind by defendant Michael Desidero's vehicle, propelling it forward into plaintiffs' vehicle.

According to defendant Desidero, at the time of the accident he was traveling northbound in the left lane of Route 17. The road was wet and slushy and the traffic was heavy, particularly in the right lane where it was bumper to bumper. He testified that he never saw the collision between plaintiff and Arbaiza's vehicle. Rather, he claimed that when he first saw Arbaiza's vehicle he thought it was moving because he did not see brake lights. By the time he realized that Arbaiza's vehicle had stopped, he was some 50 to 60 feet away. Due to the bumper-to-bumper traffic in the right lane, he stated that he could not shift lanes and, although he applied his brakes, he could not avoid hitting Arbaiza's vehicle, although he admitted that at the scene he had told Arbaiza that the accident was his fault in order to calm him down.

There were also two nonparty witnesses to the accident who testified during the liability phase of the trial. One witness testified that although he did not see the accident, he did hear two separate collisions approximately two seconds apart. According to the other witness — who did see the accident — it occurred in a manner consistent with the account of the events given by plaintiff and Desidero, i.e., plaintiff's vehicle was struck from behind by Arbaiza's vehicle which was traveling about 45 to 50 miles per hour. The eyewitness testified that the impact was heavy and that some 5 to 10 seconds passed before Desidero's vehicle struck Arbaiza's vehicle. The impact from this second collision was of a medium degree.

At the conclusion of the liability phase of the trial, the jury returned a verdict totally in favor of plaintiff on the issue of liability and, as between defendants, apportioned 100% of the liability to the defendants Arbaiza. Thereafter, a trial was had on the issue of damages in which a verdict was returned in the principal amount of $14,000. These appeals ensued.

Because of errors committed during both the liability and the damage phases of the trial, we find that a new trial on the issues of both liability and damages is mandated.

When it came time for the court to charge the jury on the liability phase of the trial, the court received a note from one of the jurors inquiring as to whether the law required a car stopped on the road "to have the brake lights or park lights on." The court informed counsel out of the presence of the jury that it

would respond to the question during its charge, and would respond in the negative, there being no requirement under the law of New York that Arbaiza have his rear lights on while waiting for plaintiff to turn. When the court delivered its charge, however, it failed to address the question posed by the juror. A request by Arbaiza's counsel that the court answer the question was denied. The court should have responded to the juror's inquiry since the question bore directly upon the issue of liability, not only as between plaintiff and Arbaiza but also as between Arbaiza and Desidero. Under the facts of this case, the failure to respond to the juror's question was sufficiently prejudicial to warrant a new trial.

With reference to the alleged errors in the damages phase of the trial, we would agree with plaintiffs that it was error for the court to permit testimony regarding the five X rays dated April 30, 1980, which did not contain plaintiff's name. In order to lay a proper foundation for the admission of X rays of a party into evidence, it is required, *inter alia,* that there be photographically inscribed on the X ray the name of the patient, the date taken, the identifying number, and the name and address of the physician under whose supervision they were taken (CPLR 4532-a, subd [1]). The X rays in question, which did not contain a name on them, clearly did not satisfy the statute and should have been excluded (see *Harth v Liakis & Son,* 103 Misc 2d 217). Under the facts of this case, we are not prepared to say that this error was harmless. Accordingly, a new trial on the issue of damages is required as well.

One further point is deserving of comment since the issue may arise upon the new trial which we have granted. Arbaiza argues that both plaintiffs' and Desidero's counsel improperly questioned him on cross-examination with regard to a letter sent by his insurance carrier to plaintiffs which, it was contended, indicated that he had attributed the accident to plaintiff's negligence. This questioning, he contends, violated the principle that evidence that a defendant carries liability insurance is irrelevant and so prejudicial as to require a mistrial. We disagree. The letter in question was properly used to cross-examine Arbaiza with regard to possibly inconsistent statements. "Reference to insurance is condemned only where the fact of its existence is irrelevant to the issues and where such reference is, in all likelihood, made for the purpose of improperly influencing the jury" (*Oltarsh v Aetna Ins. Co.,* 15 NY2d 111, 118). Here there was a legitimate purpose to the questioning and it was Arbaiza himself who specifically made reference to the fact that it was a letter by his insurance carrier. Moreover, it must be recognized

that in this age of compulsory automobile liability insurance, it is a rare individual who is not aware that a defendant is insured and thus the possibility of any prejudice by such a reference is minimal (Vehicle and Traffic Law, § 312; *Oltarsh v Aetna Ins. Co., supra;* 2 Wigmore Evidence [3d ed], § 282a, p 148).

We have examined the plaintiffs' other contentions and find them to be without merit. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.