■ EMIL YAVOR, Appellant, v WILLIAM C. JENKINS, Respondent.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Miller, J.), entered April 22, 1985, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $250,000.

Judgment reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of the order to be made hereon, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $175,000, and to the entry of an amended judgment accordingly. In the event the plaintiff so stipulates, then judgment, as so reduced and amended, affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

The plaintiff commenced this action to recover damages for injuries sustained when he was struck by an automobile

driven by the defendant as he was crossing Greenpoint Avenue in Brooklyn. At the conclusion of the liability portion of the bifurcated trial, the defendant was found solely responsible for the accident. The defendant contends that the jury's finding that the plaintiff was not contributorily negligent is against the weight of the evidence. His motion to set aside the verdict upon this ground was denied by the trial court.

The trial court could, in its discretion, set the verdict aside if it found that the jury could not have reached its verdict on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). The evidence produced at the liability portion of the trial presented a question of fact regarding the color of the traffic signal on Greenpoint Avenue and the status of the pedestrian control signal, which the jury was capable of resolving in the plaintiff's favor. The plaintiff testified that he looked once down Greenpoint Avenue before stepping off the curb and that he took 3 or 4 steps without looking again before being struck. There was a fair view of the evidence that the plaintiff properly began to cross the street with the traffic and pedestrian signals in his favor after looking once for oncoming traffic, and that the plaintiff, charged with a duty of reasonable care under the circumstances to look for oncoming traffic before and while crossing, was not negligent in failing to take a second look during the course of 3 or 4 steps. Accordingly, it was well within the trial court's discretion to deny the defendant's motion (see, Nicastro v Park, supra).

The trial court correctly charged the jury with regard to a pedestrian's duty of care, incorporating the relevant portions of the traffic rules and regulations of the City of New York into the charge (see, Applebaum v Hersh, 26 AD2d 58). A review of the charge also reveals that to the limited extent that the court marshaled the evidence, it did so in a balanced manner.

Nor do we find, as the defendant contends, that the court erroneously excluded from evidence a log book kept by a crossing guard assigned to the intersection where the accident occurred. Although the log book may have met the requirements for admission as a business record (see, CPLR 4518 [a]), it was not necessary to place the book in evidence when the person who observed and recorded the accident testified at trial about her observations (see, Spoar v Fudjack, 24 AD2d 731).

We find, however, that the damage award was excessive to the extent indicated. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.