OPINION OF THE COURT
Richard D. Huttner, J.
In this personal injury action, defendant moves in limine during the damages portion of the bifurcated trial to preclude plaintiff from introducing into evidence X rays which do not comply with the authentication and notice requirements enunciated in CPLR 4532-a. Given the dearth of case law, this *894 court feels constrained to elaborate upon its ruling from the Bench denying defendant’s motion.
CPLR 4532-a is not the only means by which X rays may be admitted in evidence. The last sentence of CPLR 4532-a provides that failure to comply with the rule’s requirements shall not operate to prohibit the admissibility of an X ray that is "otherwise admissible.” Thus, where, as here, plaintiff asserts that the X rays are part of his hospital records which are otherwise admissible as business records under CPLR 4518 and 2306, and which are present in court pursuant to defendant’s own subpoena, literal compliance with the authenticating and notice requirements of CPLR 4532-a is clearly not required. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4532-a, 1988 Supp Pamph, at 433; Dana v Von Pichl, 39 AD2d 744; cf., Harth v Liakis & Son, 103 Misc 2d 217.) Indeed, if X rays contained in the medical records pertain to diagnosis and treatment of plaintiff’s alleged injuries it would be error to exclude them. (Meyers v Meyers, 265 App Div 939; Del Toro v Carroll, 33 AD2d 160, 165.) To rule otherwise would subvert the salutary purpose of CPLR 4518, which is to obviate the calling of each employee who participated in making entries in business records. (Spoar v Fudjack, 24 AD2d 731.)
The requirements set forth in CPLR 4532-a merely afford an alternative method for admitting an X ray into evidence without calling the radiologist who made it to authenticate it as being that of the party whose injury it is offered to prove, on notice to the party against whom it will be offered. Since an X ray may be admitted either under the specific requirements of CPLR 4532-a, or, by virtue of the "otherwise admissible” exemption (that is, authenticated pursuant to CPLR 4518 and 2306), defendant’s application herein must be denied.