■ CORY CONTRERAS, an Infant, by His Father and Natural Guardian, MICHAEL A. CONTRERAS, et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Posner, J.), dated February 15, 1990, which, upon a jury verdict finding the infant plaintiff 20% at fault in the happening of the accident, is in his favor in the principal sum of $1,500.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted to the infant plaintiff on the issue of damages only, unless within 20 days after service upon the defendant of a copy of this decision and order, with notice of entry, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the verdict as to damages to the infant plaintiff to $7,500 resulting in a net award of damages to the infant plaintiff of the principal sum of $6,000 ($7,500, less 20% representing his share of the fault), and to entry of an amended judgment in the principal sum of $6,000 accordingly; in the event the defendant so stipulates, then the judgment, as so increased and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

We do not agree with the plaintiffs that the Supreme Court committed reversible error during the damages portion of the trial when, because of the failure to lay a proper foundation *(see,* CPLR 4532-a [2]), it precluded them from offering an X-

ray into evidence. We also note that the plaintiffs' remaining contentions concerning the conduct of the damages portion of the trial are unpreserved for our review.

We do agree with plaintiffs, however, that an award of only $1,500 deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]). The infant plaintiff, whose finger was crushed in a door, suffered, inter alia, a broken bone which was made to protrude out from under a fingernail, loss of the fingernail, and swelling and scarring. Stitches, splinting, and a sling were required to treat the injury, and the infant plaintiff was unable to attend school for over two weeks. We thus conclude that the monetary award was inadequate to the extent indicated. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.