SECOND DEPARTMENT, SEPTEMBER, 2001

(September 10, 2001)

■ LINCOLN AGUIRRE, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendant. (Action No. 1.) JAMES

F. HARRINGTON, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendant. (Action No. 2.) ALBITO VELEZ-ZAPATA, Respondent, v LONG ISLAND RAIL ROAD COMPANY, Appellant, et al., Defendant. (Action No. 3.) [730 NYS2d 122] —In three related actions to recover damages for personal injuries which were jointly tried, the defendant Long Island Rail Road Company appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barbaro, J.), dated April 3, 2000, as denied those branches of its motion pursuant to CPLR 4404 which were to set aside the jury verdict finding it 100% at fault for the plaintiffs' injuries, or in the alternative, to set aside the awards of damages as excessive, and (2) a judgment of the same court, dated May 2, 2000, which, upon the jury verdict awarding Lincoln Aguirre, the plaintiff in Action No. 1, damages in the sum of $359,888, awarding James F. Harrington, the plaintiff in Action No. 2, damages in the sum of $103,819, and awarding Albito Velez-Zapata, the plaintiff in Action No. 3, damages in the sum of $242,211, is in favor of the plaintiffs and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as denied that branch of the defendant's motion which was to set aside the jury verdict finding it 100% at fault for the plaintiffs' injuries is vacated, that branch of the motion is granted, and a new trial is granted on all issues of liability and damages, with costs to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiffs in these related actions are present or former employees of the defendant Long Island Rail Road Company (hereinafter the Rail Road). The plaintiffs commenced these actions in 1996, seeking damages pursuant to the Federal Employees Liability Act (45 USC § 51 et seq.) for pulmonary injuries allegedly sustained due to exposure to dangerous substances, including asbestos, in their work place. The actions were jointly tried, and the jury returned a verdict finding the Rail Road liable for the plaintiffs' injuries and awarding damages.

On appeal, the Rail Road contends that it is entitled to a new trial on the issue of liability because the trial court erred

in permitting an X-ray of the plaintiff Lincoln Aguirre's lungs to be placed into evidence. We agree. In order to lay a proper foundation for the admission of X-rays of a party into evidence, CPLR 4532-a requires that the X-ray be inscribed with the name of the patient, the date taken, the identifying number, and the name and address of the physician under whose supervision it was taken. Since the subject X-ray did not conform to these requirements, it should have been excluded (*see, Adams v Romero,* 227 AD2d 292; *Contreras v New York City Bd. of Educ.,* 181 AD2d 854; *Galuska v Arbaiza,* 106 AD2d 543). Moreover, we are not persuaded that the admission of the X-ray into evidence was harmless error. During the testimony of the plaintiffs' expert physician, the X-ray was displayed to the jury, and the physician used the X-ray to demonstrate to the jury the alleged abnormalities in Aguirre's lung fields which supported his diagnosis of asbestosis. Further, we note that Aguirre was the only plaintiff alleged to be suffering from asbestosis, and the Rail Road's expert radiologist testified that although the unauthenticated X-ray was of poor quality, the lungs appeared normal.

We also agree with the Rail Road's contention that the trial court's charge on the issue of whether it had violated provisions of the Occupational Health and Safety Act of 1970 (29 USC § 651 *et seq.*) and the Public Employees Safety and Health Act (Labor Law § 27-a) was inadequate. Since the plaintiffs alleged that they had been exposed to harmful substances in their work place from the commencement of their employment in the 1970's and early 1980's, the jury should have been instructed as to the date upon which the regulations which were allegedly violated became binding upon the Rail Road.

The jury's award of damages for future pain and suffering deviated materially from what would be reasonable compensation for the injuries sustained by the plaintiffs (*see,* CPLR 5501). Accordingly, we have granted a new trial on damages as well as liability.

In light of our determination, we need not reach the appellant's remaining contention. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.