■ ANNA KOVACEV, Appellant, v FERREIRA BROS. CONTRACTING, INC., et al., Defendants, and FOUR SEASONS PRODUCE WHOLESALERS, INC., et al., Respondents. [779 NYS2d 204]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 10, 2003, dismissing the complaint upon a jury verdict finding that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The trial court properly precluded plaintiff's treating physician from referring to hearsay MRI reports in testifying about plaintiff's back and neck injuries. A treating physician's opinion at trial cannot be based on an out-of-court interpretation of MRI films prepared by another health care professional who is not subject to cross-examination where, as here, the MRI films are not in evidence and there is no proof that the interpretation is reliable (*see Wagman v Bradshaw*, 292 AD2d 84 [2002]; *Murphy v Columbia Univ.*, 4 AD3d 200, 203 [2004]). Nor were

the MRI films admissible pursuant to CPLR 4532-a, providing for self-authentication of diagnostic tests, since plaintiff admittedly failed to meet the section's requirements, or show that the MRI films were admissible pursuant to the business records exception to the hearsay rule (*see* CPLR 4532-a, last sentence; *Hoffman v City of New York*, 141 Misc 2d 893 [1988]). The finding that plaintiff did not sustain a serious injury is supported by the weight of the evidence, including expert testimony that plaintiff's torn meniscus and surgery were due to degenerative changes over time, and not trauma sustained in the accident, expert testimony that plaintiff had no significant limitations to her knees, neck and back, and the absence of expert testimony describing the extent of plaintiff's limitations to her knees, neck and back (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.