■ KERON RIVERA et al., Respondents-Appellants, v LA GUARDIA HOSPITAL, Now Known as NORTH SHORE UNIVERSITY HOSPITAL AT FOREST HILLS, et al., Appellants-Respondents. [784 NYS2d 368]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants La Guardia Hospital, now known as North Shore University Hospital at Forest Hills, and Valerie E. Williams, separately appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated March 10, 2003, as denied those branches of their respective cross motions which were to dismiss the complaint insofar as asserted against them, and granted the plaintiffs' motion to restore the case to the trial calendar, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the respective cross motions of the defendants La Guardia Hospital, now known as North Shore University Hospital at Forest Hills, and Valerie E. Williams, which were to preclude their expert witness from testifying at the trial.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court correctly denied those branches of the cross motions which were to dismiss the complaint insofar as asserted against the appellants-respondents. Contrary to the appellants-respondents' contentions, the plaintiffs were not precluded from making out a prima facie case of medical malpractice. Although their expert witness is precluded from testifying based on their failure to comply with a prior order of the Supreme Court, Queens County, dated February 21, 2001, the plaintiffs can still establish a prima facie case of medical malpractice through the testimony of the plaintiff Keron Rivera's examining physician, and even, conceivably, the testimony of the defendant Valerie E. Williams herself (*see McDermott v Manhattan Eye, Ear, & Throat Hosp.*, 15 NY2d 20, 26-28 [1964]; *Knutson v Sand*, 282 AD2d 42, 45 [2001]; *Vega v LaPalorcia*, 281 AD2d 623, 624 [2001]; *see generally Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990 [2003]).

The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are improperly raised on this appeal. Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.