■ GEORGE DWIGHT et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [817 NYS2d 266]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered September 15, 2005, upon a jury verdict, in defendant's favor, unanimously affirmed, without costs.

The jury verdict finding that defendant Transit Authority had been negligent, but that its negligence was not a substantial

factor in causing plaintiff's injury, was not inconsistent or against the weight of the evidence. Contrary to plaintiff's argument, the finding of negligence against defendant did not entail a finding that such negligence was a proximate cause of plaintiff's harm, and the evidence, fairly interpreted, permitted the jury to reach the verdict it did (*see e.g. Piatek v New York City Tr. Auth.*, 14 AD3d 685 [2005]).

In the circumstances presented, the court's admission of an 11-year-old incident involving a fall by plaintiff was proper to impeach plaintiff's credibility concerning his physical condition before the subject fall.

The trial court's missing document charge was appropriate where plaintiff failed, without reasonable excuse, to produce his tax records as directed (*see Martelly v New York City Health & Hosps. Corp.*, 276 AD2d 373 [2000]).

Inasmuch as defendant's CPLR 3101 (d) expert notice was timely and sufficient, preclusion of the testimony of defendant's expert on the ground of defective notice was properly denied. On the other hand, the exclusion of x rays for plaintiff's failure to satisfy the admissibility requirements of CPLR 4532-a was proper, since plaintiff admittedly did not comply with the statute's notice provisions (*see e.g. Kovacev v Ferreira Bros. Contr., Inc.*, 9 AD3d 253 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.