◼ MICHAEL PARDODEFIGUEROA et al., Appellants, v TURNER CONSTRUCTION CORP. et al., Respondents. [822 NYS2d 308]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Hart, J.), entered February 24, 2005, which, upon an order of the same court (Dollard, J.), dated November 17, 2003, granting the plaintiffs' motion for summary judgment on the issue of liability, and upon an order of the same court (Hart, J.), dated January 25, 2005, granting the oral applications of the defendants to preclude the admission at trial of certain magnetic resonance imaging films and for a directed verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the applications are denied, the order dated January 25, 2005 is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages.

At this bifurcated trial on damages, the Supreme Court erred in granting the defendants' oral application in limine to preclude the admission of certain magnetic resonance imaging (hereinafter MRI) films of the plaintiff's spine for lack of authentication. The defendants made no showing that the films themselves—which they had previously examined—did not meet the conditions for self-authentication set forth in CPLR 4532-a (1) as

that provision read at the time of the trial, or were not "otherwise admissible" (CPLR 4532-a; *see Hoffman v City of New York*, 141 Misc 2d 893 [1988]; *cf. Kovacev v Ferreira Bros. Contr., Inc.*, 9 AD3d 253 [2004]).

The Supreme Court also erred in precluding the plaintiff's expert witnesses and treating physicians from offering any opinion based on the MRI films. On this record, the court had no factual basis upon which to conclude that none of these witnesses had actually viewed the films. In any event, even without the MRI films, the plaintiffs could have established a prima facie case of damages based on the testimony of the plaintiff Michael Pardodefigueroa and his treating physicians (*see Rivera v La Guardia Hosp.*, 12 AD3d 585 [2004]). Thus, the Supreme Court erred in directing a verdict in favor of the defendants, dismissing the complaint. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.