■ ZHONG K. WANG, Respondent, v 161 HUDSON, LLC, Appellant, et al., Defendants. (And a Third-Party Action.) [874 NYS2d 534]—

In an action to recover damages for personal injuries, the defendant 161 Hudson, LLC, appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated September 10, 2007, which, upon a jury verdict in favor of the plaintiff on the issue of liability and a separate jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $250,000 for past pain and suffering and $500,000 for future pain and suffering, is in favor of the plaintiff and against it in the principal sum of $750,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of damages only, with costs to abide the event. The findings of fact on the issue of liability are affirmed.

The plaintiff, who was demolishing the wall of a building with a jackhammer, was allegedly injured when the scaffold on which he was standing collapsed after either he or the scaffold was struck by a piece of wall that fell. The plaintiff commenced this action against, among others, the appellant, which owned the scaffold, alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). Following a jury trial on the issue of liability, a verdict was returned in favor of the plaintiff and against the appellant. Following a separate jury trial on the issue of damages, the plaintiff was awarded the sums of $250,000 for past pain and suffering and $500,000 for future pain and suffering over a period of 26.6 years.

Contrary to the appellant's contention, the verdict on the issue of liability was not against the weight of the evidence, as it was based on a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]).

However, the appellant correctly contends that the trial court erred in admitting into evidence a certain film of a magnetic resonance imaging (hereinafter MRI) scan administered to the

plaintiff. CPLR 4532-a requires that the MRI film be inscribed with the name of the patient and the date that the scan was performed. In addition, the statute requires the person introducing the evidence to serve the opposing party with notice of intent to offer the MRI film into evidence at least 10 days prior to trial and the notice must be accompanied by an affidavit or affirmation of a physician who can attest to the information inscribed thereon (*see* CPLR 4532-a).

The MRI film should have been excluded based on the plaintiff's failure to comply with the notice requirements of CPLR 4532-a (*see Wagman v Bradshaw*, 292 AD2d 84, 88 [2002]; *Dwight v New York City Tr. Auth.*, 30 AD3d 270, 271 [2006]). We are not persuaded that, under the facts of this case, where the plaintiff's expert testified extensively regarding the MRI film and displayed it to the jury, the admission of the MRI film into evidence at the trial on the issue of damages was harmless error (*see Aguirre v Long Is. R.R. Co.*, 286 AD2d 658, 660 [2001]; *cf. Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.*, 275 AD2d 387, 388 [2000]). Accordingly, a new trial on the issue of damages is warranted.

The appellant's remaining contentions either are unpreserved for appellate review or need not be addressed in light of our determination. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.