■ CATHY JO EWANCIW et al., Appellants, v GREGG ATLAS, Respondent. [885 NYS2d 131]—

In an action, inter alia, to recover damages for podiatric malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Slobod, J.), dated June 15, 2007, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant, a podiatrist, performed a surgical procedure on the left foot of the plaintiff Cathy Jo Ewanciw (hereinafter

the injured plaintiff). The injured plaintiff and her husband, the plaintiff John Ewanciw, suing derivatively, subsequently commenced this action, inter alia, to recover damages for the defendant's alleged podiatric malpractice. At trial, which was held on the issues of both liability and damages, the plaintiffs alleged that the defendant had departed from the proper standards of podiatry when he performed the surgical procedure by making the initial surgical incision in the wrong location and by placing his "cutting instrument" improperly during surgery. In support of these theories, the plaintiffs attempted to prove that the lateral plantar nerve in the injured plaintiff's left foot was damaged, arguing that the damage to this nerve was evidence that the surgery had been performed improperly. The jury found that the defendant did not depart from "good and accepted standards of podiatry" in either the placement of the initial incision or the placement of the cutting instrument during the surgery and, based on these findings, did not reach the issues of causation or damages. The Supreme Court entered a judgment, upon the jury verdict, dismissing the complaint. We affirm.

We agree with the plaintiffs that the Supreme Court erred in admitting into evidence a portion of a medical report, prepared by a doctor who did not testify at trial, which set forth the quantitative results of a nerve conduction study performed upon the injured plaintiff at some point after her foot surgery. The defendant, who was the proponent of this evidence, failed to establish that the nerve conduction study results in the report constituted a "graphic, numerical, symbolic or pictorial representation of the results of a medical or diagnostic procedure or test" which satisfied the requirements for admission under CPLR 4532-a (CPLR 4532-a; see *Wagman v Bradshaw*, 292 AD2d 84, 87-88 [2002]).

However, this error was not prejudicial since we are satisfied that the result would have been the same if the nerve conduction study results, and the expert testimony which was based upon these results, had not been admitted into evidence (see CPLR 2002; *Rizzuto v Getty Petroleum Corp.*, 289 AD2d 217, 217-218 [2001]; *Barracato v Camp Bauman Buses*, 217 AD2d 677, 678 [1995]). The nerve conduction study results contained in the report did not reflect any testing of the lateral plantar nerve, and the defendant's expert testified that the lateral plantar nerve was not tested or measured by the nerve conduction study. As the jury never reached the issues of causation or damages, and the plaintiffs argued specifically that it was the damage to the injured plaintiff's lateral plantar nerve which was probative on the issue of whether the defendant departed

from good and accepted standards of podiatry during the surgery, the improper admission of the nerve conduction study results, which did not pertain to the lateral plantar nerve, did not prejudice the plaintiff (*cf. Schwartz v Gerson*, 246 AD2d 589, 589-590 [1998]).

The plaintiffs' remaining contentions either are unpreserved for appellate review or refer to nonprejudicial error. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.