■ JACQUELINE RODRIGUEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [888 NYS2d 56]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered June 24, 2008, which granted plaintiff's motion to set aside a jury verdict in defendants' favor, unanimously reversed, on the law, without costs, the motion denied, the verdict reinstated, and the complaint dismissed.

The jury found that the bus driver's negligence was not a proximate cause of plaintiff's injuries. Plaintiff's argument of irreconcilable inconsistency in this finding is unpreserved (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]). Moreover, this case does not present a situation where the questions of negligence and proximate cause are inextricably interwoven. The jury's determination that defendant's negligence was not a substantial factor in causing plaintiff's injury was neither inconsistent nor against the weight of the evidence (*see Dwight v New York City Tr. Auth.*, 30 AD3d 270 [2006], *lv denied* 7 NY3d 711 [2006]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*Koopersmith v General Motors Corp.*, 63 AD2d 1013 [1978], *lv denied* 46 NY2d 705 [1978]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ.