■ AGFA PHOTO USA CORPORATION, as Assignee of AGFA Corporation, Respondent, v CHROMAZONE, INC., et al., Appellants. [918 NYS2d 30]—

Defendants' argument that plaintiff's second motion for summary judgment should have been treated as a motion to renew is improperly raised for the first time on appeal (*see Callisto Pharm., Inc. v Picker*, 74 AD3d 545 [2010]). Were we to review this argument, we would find that the court's treatment of the motion was entirely appropriate. When the court denied plaintiff's initial motion for summary judgment, it did so "without prejudice to another motion for summary judgment" with the submission of additional evidence (*see* CPLR 3212 [f]).

Plaintiff established its prima facie entitlement to judgment as a matter of law on its claims for breach of the equipment lease agreement and service maintenance agreement by submitting the subject agreements, the agreement assigning AGFA Corporation's rights to plaintiff and evidence of nonpayment in the form of the demand notices (*see Advanta Leasing Servs. v Laurel Way Spur Petroleum Corp.*, 11 AD3d 571 [2004]). In opposition, defendants failed to raise a triable issue of fact. Contrary to defendants' argument that plaintiff failed to meet its obligations under the service maintenance agreement, any alleged failure by plaintiff to provide parts and services had no bearing on defendants' breach under the lease agreement. Moreover, the record establishes that plaintiff indeed continued servicing the equipment during the relevant time period.

Plaintiff also established its entitlement to summary judgment on its conversion cause of action. Plaintiff submitted evidence demonstrating that the individual defendant exercised unauthorized dominion and control over the equipment by making unapproved alterations to it, by removing the equipment from the installation site without notice or consent and by relocating the equipment to his new business (*see Meese v Miller*, 79 AD2d 237, 242 [1981] ["(c)onversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property"]). Defendants' opposition failed to raise a triable issue of fact. The affidavit from the individual defendant conflicted with his deposition testimony and appears tailored to avoid the con-

sequences of his earlier testimony (*see e.g. Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]).

We have considered the defendants' remaining arguments, including that the imposition of liability against the individual defendant constituted an improper piercing of the corporate veil, and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.