# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**961**

**CA 11-00036**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

KELVIN SEAWRIGHT, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

OMAR M. CROOKS AND JOE A. RAMBO, JR.,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 22, 2010 in a personal injury action. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, defendants' post-trial motion is granted, the verdict is set aside, and a new trial is granted on the issues of serious injury, proximate cause and damages.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained while a passenger in a vehicle that rear-ended another vehicle. The vehicle in which plaintiff was a passenger was operated by defendant Omar M. Crooks and owned by defendant Joe A. Rambo, Jr. Negligence was not at issue inasmuch as defendants stipulated that Crooks was solely responsible for the accident, and the matter proceeded to a jury trial on the issues of serious injury, proximate cause and damages. The jury found that plaintiff sustained a significant limitation of use of his cervical spine as a result of the accident and awarded him damages in the amount of $85,000 for past lost earnings; $750,000 for past pain and suffering; and $3,000,000 for future pain and suffering over 30.9 years. Defendants thereafter moved to set aside the verdict contending, inter alia, that the jury's verdict with respect to damages deviated materially from what would be reasonable compensation based on the evidence adduced at trial (*see* CPLR 5501 [c]). Supreme Court denied the post-trial motion.

Defendants contend on appeal, as they did in their post-trial motion, that the court erred in permitting plaintiff's treating

practitioners to testify concerning the findings of nontestifying medical professionals who conducted independent medical examinations and the contents of their reports. Plaintiff, in his brief, does not contend that the testimony was properly admitted but, rather, contends only that any error in the admission of the testimony is harmless. We agree with defendants that the testimony was improperly admitted (*see Matter of State of New York v Fox*, 79 AD3d 1782, 1783; *Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 882; *Ewanciw v Atlas*, 65 AD3d 1077, 1078; *see generally Hinlicky v Dreyfuss*, 6 NY3d 636, 648) and, because we cannot conclude that the jury verdict would have been the same without the admission of the improper testimony, we cannot agree with plaintiff that the error is harmless (*see Wang v 161 Hudson, LLC*, 60 AD3d 668, 669; *cf. Ewanciw*, 65 AD3d at 1078-1079).

Based on our determination, we do not address defendants' remaining contentions.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court