■ MARIA RUIZ, Appellant, v THE SUMMIT APPLIANCE DIVISION et al., Defendants, and 3001 VALENTINE REALTY, LLC, Respondent. [938 NYS2d 25]—

Plaintiff was injured while cooking in her apartment when flames shot out of the side of the stove, startling plaintiff and causing her to fall over backward and drop a pot of boiling water on herself. Following a jury trial, a verdict was reached finding that plaintiff and her landlord, Valentine, were both negligent, but that Valentine's negligence was not a substantial factor in the happening of the accident. Despite this finding, in response to the special interrogatories in support of the general verdict, the jury sought to award plaintiff damages for past pain and suffering and apportioned a percentage of fault to Valentine.

The court then instructed the jury that it could not assign a percentage of fault to Valentine and also find that its negligence was not a substantial factor in causing plaintiff's injuries. The jury returned a second verdict sheet, identical to the first, except that no percentage of fault was assigned to Valentine.

Plaintiff's challenges to the court's instructions to the jury following its initial verdict are raised for the first time on appeal (*see AGFA Photo USA Corp. v Chromazone, Inc.*, 82 AD3d

402 [2011]), and we decline to review the instructions. Were we to review this argument, we would find that the jury was appropriately instructed that there can be concurrent causes of the accident.

Moreover, plaintiff did not object to the second verdict before the jury was discharged, which would have permitted the court to take further corrective action, including resubmitting the matter to the jury with such additional instructions as might be required (*see Barry v Manglass*, 55 NY2d 803, 805-806 [1981]). Accordingly, plaintiff has waived her challenge to the verdict, and we decline to review it in the interests of justice.

If we were to review it, we would reject plaintiff's contention that the verdict was the product of juror confusion or compromise. Based on the evidence at trial, the verdict can be reconciled with a reasonable view of the evidence, thereby entitling Valentine, the successful party, "to the presumption that the jury adopted that view" (*Rodriguez v New York City Tr. Auth.*, 67 AD3d 511 [2009]). Such evidence showed that plaintiff failed to properly clean or maintain the stove in her apartment, despite being advised to do so by the agents of Valentine and the service personnel who repaired the stove, and that this was the only substantial factor in causing the accident.

The award of damages to plaintiff was also not indicative of confusion or compromise. While the jury may have wanted to award damages to plaintiff on some theory of its own, it clearly understood that Valentine's negligence was not a substantial factor in causing plaintiff's injuries (*see Mayer v Goldberg*, 241 AD2d 309, 312 [1997]).

Defense counsel's comments during summation, that plaintiff was trying to get a new stove through her repeated complaints, was a fair comment on the evidence at trial (*see e.g. Bennett v Wolf*, 40 AD3d 274 [2007], *lv denied* 9 NY3d 818 [2008]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.