Mosley v E.H.J. LLC (2018 NY Slip Op 01418)





Mosley v E.H.J. LLC


2018 NY Slip Op 01418


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5887

[*1]Jessie May Mosley, Plaintiff-Appellant-Respondent,
v
E.H.J. LLC, et al., Defendants-Respondents-Appellants.


Burns & Harris, New York (Jason S. Steinberg of counsel), for appellant-respondent.
Law Office of Michael E. Pressman, New York (Stuart B. Cholewa of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered October 4, 2017, which granted defendants' motion to set aside the verdict as to liability and damages to the extent of setting aside the damages verdict and directing a new trial of damages unless plaintiff stipulated to reduce the award for past pain and suffering from $350,000 to $150,000 and the award for future pain and suffering from $1.3 million to $250,000, unanimously affirmed, without costs.
Plaintiff testified at trial that she fell when her ankle twisted on something as she was exiting defendants' store. Photographs admitted into evidence showed a sidewalk defect in the general area of plaintiff's fall. The jury found that defendants' negligence was the cause of plaintiff's injuries, and we cannot conclude that there was no valid line of reasoning and permissible inferences that could lead rational persons to that conclusion (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Nor do we find that the verdict was against the weight of the evidence (see id.). Plaintiff's account of her fall was supported by circumstantial evidence, which is sufficient to establish defendants' negligence (see Caraballo v Paris Maintenance Co., 2 AD3d 275 [1st Dept 2003]). We see no reason to disturb the jury's credibility determinations, which are accorded great deference (see e.g. KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 489 [1st Dept 2014]).
We agree with defendants that plaintiff's expert improperly relied on the report of a post-accident MRI comparing plaintiff's spinal stenosis to that seen on the most recent pre-accident MRI, because the pre-accident MRI film and report were not admitted into evidence, and the expert had not reviewed any of plaintiff's pre-accident medical records (see Kovacev v Ferreira Bros. Contr., Inc., 9 AD3d 253, 253 [1st Dept 2004]; see also Hambsch v New York City Tr. Auth., 63 NY2d 723, 726 [1984]). However, the error was harmless, since, as the trial court found, the evidence did not establish a significant aggravation of the stenosis and therefore could not have been a major component of the jury's damages awards.
We further find that the damages as reduced by the trial court do not deviate from reasonable compensation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK