Stanford v Rideway Corp. (2018 NY Slip Op 03453)





Stanford v Rideway Corp.


2018 NY Slip Op 03453


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6530 303750/12

[*1]Ebony Stanford, Plaintiff-Appellant,
v
Rideway Corp., et al., Defendants-Respondents, Watson Car Service, Inc., Defendant,


Bernstone & Grieco, LLP, New York (Peter B. Croly of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about March 9, 2017, which denied plaintiff's posttrial motion to set aside the jury verdict awarding her no damages for past pain and suffering, unanimously affirmed, without costs.
The trial court properly declined to set aside the verdict, giving deference to the jury's credibility findings and assessment of the evidence (see Reed v City of New York, 304 AD2d 1, 7 [1st Dept 2003], lv denied 100 NY2d 503 [2003]). The court pointed out that its own trial notes indicated that plaintiff's evidence as to her past pain and suffering was "not compelling." The jury was not required to credit plaintiff's description of the severity of her pain, and could reasonably have found that plaintiff's claims were inconsistent with the objective medical findings. We do not find that the award of no damages for past pain and suffering deviates from what would be reasonable compensation (CPLR 5501[d]; see Reed, 304 AD2d at 7).
Plaintiff waived her argument that it was improper for the jury to award her no damages given the court's finding that she had sustained a serious injury under Insurance Law § 5102(d) by failing to object to the jury charge on the ground that it did not instruct the jury that it was required to award damages for past pain and suffering, and failing to object to the verdict sheet, which instructed the jury to insert "NONE" if it did not make an award for pain and suffering based on the 90/180 category of serious injury. Plaintiff also waived her argument that the verdict was inconsistent in awarding damages for lost wages but not for past pain and suffering by failing to raise it before the jury was discharged, thus preventing the court from taking
corrective action (see Barry v Manglass, 55 NY2d 803, 806 [1981]; Ruiz v Summit Appliance Div, 92 AD3d 429, 430 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK