Madrigal v Montefiore Med. Ctr. (2021 NY Slip Op 00526)





Madrigal v Montefiore Med. Ctr.


2021 NY Slip Op 00526


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 307949/10E Appeal No. 12306 Case No. 2020-00608 

[*1]Blanca Madrigal, Plaintiff-Appellant-Respondent,
v
Montefiore Medical Center et al., Defendants-Respondents-Appellants.


Bergstein & Ullrich, LLP, New Paltz (Stephen Bergstein of counsel), for appellant-respondent.
Michelman & Robinson, LLP, New York (Richard Reice of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about December 12, 2019, which, inter alia, following a jury trial that resulted in a verdict awarding plaintiff $1,585,000 in damages on her claim for common-law battery, $1,500,000 in damages for emotional distress on her claim for hostile work environment in violation of the New York State and City Human Rights Laws (State and City HRL), $2,100,000 for mental anguish from the termination of employment, and $824,000 in lost wages for retaliatory termination under the State and City HRLs, granted defendants' motion to set aside the jury verdict to the extent of effectively dismissing the claim for common-law battery and ordering a new trial unless plaintiff stipulated to reduce the damages awards to $250,000 for pain and suffering for the hostile work environment claim, $123,805 for lost wages, and $150,000 for the retaliation claim, and denied defendants' motion to set aside the verdict in toto, unanimously modified, on the law and the facts, to reinstate the verdict on battery, and to direct a new trial on damages, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the awards for compensatory damages on the battery claim to $750,000.00, on the retaliatory termination claim to $1,000,000, for mental anguish, and to $750,000 on the hostile work environment claim, for emotional distress, and to reinstate, in the interests of justice, and to direct a new trial on, plaintiff's claims for gender discrimination under the New York State and New York City Human Rights Laws and her prayer for punitive damages, which were dismissed on a directed verdict, and otherwise affirmed, without costs.
The evidence at trial supports the verdict for plaintiff on her claim for common-law battery based on an incident in which the jury found that defendant Ramos struck plaintiff with a telephone handset, and that verdict is not against the weight of the evidence (see Rodriguez v New York City Tr. Auth., 67 AD3d 511 [1st Dept 2009]; Jaffe v National League for Nursing, 222 AD2d 233 [1st Dept 1995]; Trott v Merit Dept. Store, 106 AD2d 158, 160 [1st Dept 1985]).
The evidence supports the verdict that defendants created a hostile work environment in violation of the State and City HRL by subjecting plaintiff to a years-long onslaught of vulgar ethnic slurs, accompanied by demeaning work assignments not given to others (see Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019]; Gonzalez v EVG, Inc., 123 AD3d 486, 487 [1st Dept 2014]).
The trial evidence amply supports the jury's verdict in favor of plaintiff on her retaliation claim. Plaintiff engaged in protected activity by repeatedly complaining to her employer that supervisors were discriminating against her, and, indeed, by commencing the instant action. The remaining prongs of the cause of action are met by the fact that, as defendants admit, they terminated her because of her [*2]repeated complaints (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-53 [1st Dept 2012]).
Defendants' argument that there was no evidence at trial that their reason for terminating her was pretextual is unavailing. Evidence of pretext was adduced at trial, in the form of a human resource administrator's internal email stating that she was not comfortable with the company's position that plaintiff was terminated because of her "false accusations."
The court erred in the extent to which it reduced the awards for compensatory damages related to pain and suffering on plaintiff's hostile work environment and retaliation claims. The jury heard evidence of a years long campaign of physical and emotional abuse against plaintiff by her colleagues and supervisors that was willfully ignored by her employer. This environment caused plaintiff to suffer panic attacks and anxiety, with physical symptoms including sleeplessness, shortness of breath, and chest pain, necessitating several visits to the emergency room over the course of several years. Plaintiff's doctor prescribed her sleep and anti-anxiety medicine, the latter of which she still takes. The termination caused her to sink into depression, from which she still had not recovered by the time of the trial years afterward. Under these uniquely abhorrent circumstances, the awards were reduced to levels that were disproportionately low (see e.g. Turley v ISG Lackawanna, Inc., 774 F3d 140, 163 [2d Cir 2014]). In addition, the jury award of $1,585,000 for plaintiff's battery claim materially departs from awards in similar cases, and we find the reduced amount indicated to be appropriate.
Although plaintiff took her appeal from an order, and not a final judgment, which would have brought the dismissal on directed verdict of plaintiff's claims for gender discrimination and for punitive damages up for review (see CPLR 5501[a][3]), we exercise our discretion to review that ruling, listed by plaintiff in her notice of appeal, and addressed in her briefs (see CPLR 5520[c]). Upon such review, we conclude that plaintiff's testimony that defendant Frantz Terlonge lewdly suggested that she sit on his lap, and that a few days later, while plaintiff was reaching into the breakroom refrigerator, he approached her from behind, wedged himself against her, and rubbed his penis against her backside, amply supported her claim of sexual harassment and gender discrimination. Based on that evidence, we cannot say that "there is no rational process by which" the jury could have found in favor of plaintiff (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
In addition, the evidence spoke to the presence of a sustained campaign of malicious discrimination, as well as a painful and humiliating battery, which collectively amounted to a "conscious disregard of the rights of others or conduct so reckless as to amount to such disregard" (Chauca v Abraham, 30 NY3d 325, 328[*3]-329, 334 [2017][internal quotation marks omitted]). Accordingly, plaintiff should have had an opportunity to present her claim for punitive damages to the jury.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021